RICHARD J. SPAULDING & others *vs.* BOARD OF APPEALS OF LEICESTER.

Worcester.   September 25, 1956. — November 15, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Zoning.   Board of Appeals.   Equity Pleading and Practice,* Zoning appeal.

There was not compliance with the requirements of G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended, where a purported decision of the zoning board of appeals of a town filed with the town clerk contained merely the "recorded vote of the board" showing votes of all the members in favor of granting an application heard by it. [691]

A paper filed by the zoning board of appeals of a town with the town clerk having written upon it only "the recorded [favorable] vote of the board . . . on petition of . . . [a named person] to construct and operate an open air theatre on . . . [a certain street in the town] on property owned by him" was not a decision of the board granting a variance. [692]

A decision of the zoning board of appeals of a town must be annulled as in excess of the board's authority under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended, in granting a variance permitting the construction and operation of an open air theatre on a certain parcel of land in a residence district where the decision was not supported by any finding that, owing to conditions especially affecting such parcel, a literal enforcement of the provisions of the zoning by-law would involve "substantial hardship." [692]

BILL IN EQUITY, filed in the Superior Court on August 31, 1954.

The suit was heard by *Cahill,* J.

*Seward B. Brewster,* (*Paul R. O'Connell* with him,) for the plaintiffs.

*Francis T. Mullin,* for the defendant, (*Amos E. Wasgatt, Jr.,* for the intervener, with him).

WILKINS, C.J.  This is a bill in equity by way of appeal from a decision of the defendant board of appeals purporting to grant a variance to Stephen G. Minasian, intervener, to conduct a drive-in theatre in a residential area, a use not permitted by the zoning by-law of the town of Leicester. G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended by St. 1935, c. 388, § 2.[1]  See now G. L. (Ter. Ed.) c. 40A, § 15, inserted by St. 1954, c. 368, § 2, as amended by St. 1955, c. 325, § 2.  The judge ruled that the appeal was not seasonably filed.  From a final decree dismissing the bill, the plaintiffs appealed.

The judge filed findings of fact and order for decree. The plaintiffs, thirteen in number, are residents of the town and owners of real estate near or adjacent to the proposed theatre site and are interested persons within the meaning of the statute.  One Soojian owned and operated a farm on Main Street, Leicester.  On December 19, 1953, he gave Minasian an option to purchase on or before March 17, 1954.  On December 4, 1953, Minasian had applied to the defendant board for a "license to maintain an open air theatre" which the board treated as a petition for a variance.  A notice of a hearing on "an application . . . to construct and operate an open air theatre," to be held on January 6, 1954, was published in a Worcester newspaper, and notices were sent to some but not all of the plaintiffs. On January 6, 1954, the board met, heard proponents and opponents, and adjourned after announcing that its decision would be made later.  The board went into executive session elsewhere in the same building and voted unanimously to grant the variance.  Returning to the hall of the earlier meeting, the board announced its action to the few persons who remained.  None of the plaintiffs was present.

---

[1] Subsequent amendments are not material.

On January 7, 1954, the board filed the following paper with the town clerk:

> The recorded vote of the board of appeals on petition of Stephen G. Minasian to construct and operate an open air theatre on Main St. Leicester on property owned by him
>
> | | |
> |---|---|
> | Clarence Perry | Yes |
> | Carlisle Wray | Yes |
> | Walter Kelly | Yes |
> | Edgar Greeney | Yes |
> | Michael Gaffney | Yes |
> | John B. Shepard | Yes |

Nothing else appears on this paper. No records were kept of the meeting, but much later from recollection the secretary of the board prepared notes.

Following the filing of the foregoing paper, some plaintiffs endeavored to learn from the board the reasons for its "decision." In some instances they were told that the board did not have to give reasons, and in other instances that the reasons would be filed later in accordance with the requirements of G. L. (Ter. Ed.) c. 40, § 30, as amended. This went on for some months until on August 17, 1954, a paper entitled "Statement of Facts" was filed with the town clerk. This paper stated that the board conducted a public hearing on Minasian's petition for a variance on January 6, 1954, gave the names of the members of the board present, and summarized the arguments of the proponents. The paper concluded:

### Decision

> On the 6th day of January, 1954 the board of appeals with all the aforementioned members present found that the land in question was scrub land and did not appear to be suitable for farming, or housing development, that the zoning district would not be affected generally, inasmuch as there are a number of other businesses in the area including a cafe, a dairy bar, a gas station and tourist cabins. The locus is on a State road, and the traffic problem will be a slight issue, since the theatre itself will be set 450 to 500 feet from the road thereby allowing 80 to 100 cars to be driven off the road before entering the theatre.
>
> Relief can be granted without substantial detriment to the public good and within the intent and purpose of the ordinance [*sic*]. There were over 100 people present at the hearing, and only two

voiced objection to the change, while many spoke for the change, because it would benefit the town of Leicester.

Therefore: all members present and voting, it was voted —

I vote to grant the variance as above set forth

S/Walter J. Kelly

S/Clarence A. Perry

S/Michael Gaffney

S/Edgar F. Greeney

S/Carlyle O. Wray

S/John B. Shepard

The plaintiffs' appeal to the Superior Court was filed on August 31, 1954. In that court the principal defence was that the appeal was not filed within fifteen days after the "decision" filed on January 7, 1954. The board admitted that the "decision" filed on that date on its face showed no attempt to comply with c. 40, § 30, as amended, and conceded that the board's action would undoubtedly have been declared a nullity if seasonably challenged by the plaintiffs. The judge ruled that the paper filed on January 7, 1954, was a decision, and that the appeal was not seasonably filed.

1. The board correctly conceded that the paper filed on January 7, 1954, did not comply with c. 40, § 30, as amended, which provided, "The board shall cause to be made a detailed record of its proceedings . . . setting forth clearly the reason or reasons for its decisions, and of its other official actions, copies of all of which shall be immediately filed in the office of the . . . town clerk and shall be a public record, and notice of decisions shall be mailed forthwith to parties in interest as hereinafter designated." *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 457–458. *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 54–55. *Gaunt* v. *Board of Appeals of Methuen,* 327 Mass. 380, 381–382. There likewise was no compliance with the town by-law, which provides, "The decision shall specify the variances allowed and the reason therefor."

2. We think that it was error to rule that the appeal was not seasonably taken under c. 40, § 30, as amended, the portion of which now material is: "Any person aggrieved by a

decision of the board of appeals . . . may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is filed in said court within fifteen days after such decision is recorded." In *Del Grosso* v. *Board of Appeal of Revere*, 330 Mass. 29, it was held that the Superior Court had no jurisdiction of an appeal which was not filed within fifteen days after the recording of the decision with the city clerk even though the board of appeal failed to mail a notice to the plaintiff, who filed his appeal within fifteen days after he learned of the decision. In that case, however, there was a decision, which, although its substance does not appear, explicitly granted a variance. Here the paper filed expressly purported to be a vote on a petition to operate an open air theatre. There was no recital that a variance was granted. In fact, the word variance did not appear. Obviously this was not a decision granting a variance.

The judge ruled in the alternative that if the paper filed on August 17 was the only decision filed by the board this appeal was seasonably filed. This ruling was right.

3. Upon examining the decision of August 17, we are of opinion that it fails to comply with that portion of c. 40, § 30, as amended, which authorizes a variance "where, owing to conditions especially affecting such parcel but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without substantially derogating from the intent or purpose of such ordinance or by-law, but not otherwise." These statutory prerequisites to granting a variance are stated conjunctively and not disjunctively. A failure to establish any one of them is fatal. *Blackman* v. *Board of Appeals of Barnstable*, *ante*, 446, 450. *Atherton* v. *Board of Appeals of Bourne*, *ante*, 451, 454. Here there is no finding of substantial hardship. This omission is enough to settle the matter.

4. The final decree must be reversed and instead a final

decree is to be entered that the decision of the board of appeals of the town of Leicester was in excess of its authority and is annulled; and that the clerk of the court within thirty days after the entry of the decree send an attested copy thereof to the board and to the inspector of buildings of the said town.

*So ordered.*