ROBERT A. BARNHART & others *vs.* BOARD OF APPEALS
OF SCITUATE & others.

Plymouth.   October 5, 1961. — January 11, 1962.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning,* Variance. *Equity Pleading and Practice,* Findings by judge, Report of material facts.

A variance granted by a zoning board of appeals must be annulled as in excess of the board's authority on appeal to the Superior Court under G. L. c. 40A, § 21, where the board itself has not found the existence of each of the prerequisites to the granting of a variance stated in § 15 (3), as amended.   [456–457]

A decree upon an appeal under G. L. c. 40A, § 21, upholding a granting of a variance by a zoning board of appeals must be reversed where the evidence was not reported and a report of material facts under c. 214, § 23, did not contain findings that each of the prerequisites for the granting of a variance stated in c. 40A, § 15 (3), as amended, had been met.   [457–458]

The fact that the owner of a lot adapted to and having an acreage sufficient for the erection of two single family residences thereon in conformity with the zoning by-law of the town was prohibited by the by-law from erecting a two family residence on the lot, as he desired to do in view of his family situation, did not show that any "substantial hardship" on him was "owing to conditions especially affecting" his lot within G. L. c. 40A, § 15 (3), as appearing in St. 1958, c. 381, and did not support the granting of a variance authorizing the erection of the two family residence.   [458]

BILL IN EQUITY, filed in the Superior Court on September 19, 1960.

The suit was heard by *Gourdin,* J.

*Alfred R. Shrigley,* for the plaintiffs.

*Paul J. Sullivan,* for the defendant Drummey.

KIRK, J.   This is a bill in equity under G. L. c. 40A, § 21, as amended, by way of an appeal from a decision of the board of appeals of the town of Scituate granting a variance to permit the construction of a ranch style dwelling,

designed to accommodate two families in a district restricted to single family residences.[1]

The defendant Drummey being unable to find a single family dwelling suitable for alteration to meet the requirements of his own family and his wife's father and mother, and owning a lot of land which had an area not less than twice that required for the erection of a single family dwelling in that zone, sought permission to build a two family dwelling on the lot. He submitted to the board a sketch of the proposed house which was to have two separate entrances and no interior entry between the two apartments. The board of appeals unanimously granted "the requested authorization provided the house be built substantially as per sketch . . . and at least one apartment to be occupied by the owner." The board's decision also stated that the "authorization may be granted without substantially derogating from the intent and purpose of the zoning by-laws."

The plaintiffs, who are owners of adjoining property, appealed to the Superior Court under c. 40A, § 21. The judge made findings of material facts pursuant to G. L. c. 214, § 23, and concluded that "it would be a substantial hardship on applicant were he required to build two separate houses to accommodate his family . . . that the granting of the variance would not substantially derogate from the intent and purpose of the zoning by-laws . . . that . . . the Zoning Board of Appeals acted within its authority and in the exercise of sound discretion." A decree was entered accordingly, from which this appeal was taken. The evidence is not reported. The exhibits, including the decision of the board, are before us.

The decree must be reversed. An examination of the board's decision shows that it is invalid on its face because of failure to comply with G. L. c. 40A, § 15, paragraph 3, as appearing in St. 1958, c. 381, which empowers the board to

---

[1] The zoning by-laws of the town, adopted in 1956, permit, in the areas zoned for single family residences ". . . as of right: . . . (11) The alteration of a single family dwelling, existing at the time this by-law is adopted, to accommodate two families if located on a lot having an area not less than twice that required for the erection of a single family dwelling in the same zone."

authorize a variance "where, owing to conditions especially affecting such parcel . . . but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the . . . by-law would involve substantial hardship, financial or otherwise to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such . . . by-law, but not otherwise."

Our decisions have not only emphasized that each one of these legislatively prescribed prerequisites to the granting of a variance must exist in a particular case, *Blackman* v. *Board of Appeals of Barnstable*, 334 Mass. 446, 450, *Atherton* v. *Board of Appeals of Bourne*, 334 Mass. 451, 454, but they also have established the proposition that a decision of the board of appeals granting a variance cannot stand unless the board finds that each of the prerequisites does exist. *Spaulding* v. *Board of Appeals of Leicester*, 334 Mass. 688, 692. See *Todd* v. *Board of Appeals of Yarmouth*, 337 Mass. 162, 168; *Wrona* v. *Board of Appeals of Pittsfield*, 338 Mass. 87, 90. The board here made no finding, for example, that a literal enforcement of the provisions of the by-law would involve substantial hardship to Drummey. Because of this omission alone the board's decision was invalid, *Spaulding* v. *Board of Appeals of Leicester*, 334 Mass. 688, 692, and, on appeal to the Superior Court under G. L. c. 40A, § 21, should not have been allowed to stand.

The decree of the Superior Court is erroneous on another ground. The judge was requested to make a report of material facts under G. L. c. 214, § 23. "A report of material facts under the statute must contain every fact necessary to support the decree, from the entry of which no fact not expressly found may be implied. *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727." *Cohen* v. *Santoianni*, 330 Mass. 187, 190. If the reported facts do not support the decree, it must be reversed unless, as is not the case here, there is a report of the evidence which shows that the decree was nevertheless right. *Matter of Loeb,*

315 Mass. 191, 195. Therefore, since a variance cannot be granted unless each of the prerequisites contained in G. L. c. 40A, § 15, is met, a decree, under G. L. c. 40A, § 21, upholding the granting of a variance must be reversed if in the statutory report of material facts there is not included a finding or findings that each of these statutory prerequisites has been met.

Here, although the judge found that certain of the statutory prerequisites existed, one of which being that enforcement of the by-law would involve substantial hardship to Drummey, he did not find that such substantial hardship was "owing to conditions especially affecting such parcel . . . but not affecting generally the zoning district in which it is located." Without such a finding the decree entered under G. L. c. 40A, § 21, is not supported. *Blackman* v. *Board of Appeals of Barnstable,* 334 Mass. 446, 449–450, and cases cited. See *Reynolds* v. *Board of Appeal of Springfield,* 335 Mass. 464, 469–470.

Finally, we think that the facts found could not support the granting of a variance under the statute. Nothing in the findings suggests that any hardship involved was "owing to conditions especially affecting" Drummey's land. On the contrary, the findings show that the land is adapted to the very use permitted by the by-law, namely, the construction of two single family residences. See *DiRico* v. *Board of Appeals of Quincy,* 341 Mass. 607, 610. Whatever special conditions there may be are personal to Drummey rather than conditions especially affecting his land. Compare *Rodenstein* v. *Board of Appeal of Boston,* 337 Mass. 333, 335; *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 751.

The final decree is reversed and a decree is to be entered that the decision of the board of appeals of the town of Scituate was in excess of its authority and is annulled; and that the clerk of court within thirty days after the entry of the decree send an attested copy thereof to the board and to the inspector of buildings of said town.

*So ordered.*