FREDERICK W. COOLIDGE & another *vs.* ZONING BOARD OF APPEALS OF FRAMINGHAM & others.

Middlesex.    January 2, 1962. — March 9, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Zoning,* Variance.

A variance granted by a zoning board of appeals must be annulled as in excess of the board's authority on appeal to the Superior Court under G. L. c. 40A, § 21, where the board itself has not found the existence of all of the prerequisites to the granting of a variance stated in § 15 (3), as amended.    [744–745]

A decree of the Superior Court upon an appeal under G. L. c. 40A, § 21, upholding the granting of a variance by a zoning board of appeals must be reversed where the evidence was not reported and a report of material facts by the judge did not contain findings showing the existence of all the prerequisites to the granting of a variance stated in § 15 (3), as amended.    [745]

Facts found with respect to a parcel of land which was located in a single residence zoning district but was contiguous to a business district did not show that, even if there was hardship to the owner of the parcel by reason of prohibitive expense in developing it for single residences, this was "owing to conditions especially affecting such parcel . . . but not affecting generally" the single residence district within G. L. c. 40A, § 15 (3), as amended.    [745–746]

BILL IN EQUITY, filed in the Superior Court on November 13, 1959.

The suit was heard by *R. Sullivan,* J.

*Paul C. Hanna,* for the plaintiffs.

*Louis J. Ferrari,* for the defendant Zoning Board of Appeals.

*James D. St. Clair,* for the interveners.

KIRK, J.    This is a bill in equity under G. L. c. 40A, § 21, as amended, by way of an appeal from a decision of the zoning board of appeals of the town of Framingham granting a variance to John Philopoulos and Kenneth Hanna allowing construction of buildings for business and professional offices on land (approximately twelve acres) located

in a residential district zoned for single residences. The bill is brought by the owners of nearby residential property which would be affected by the variance. Philopoulos and Hanna were permitted to intervene. The judge entered a decree that the board did not exceed its authority in granting the variance and that no modification of the decision was required. The plaintiffs appealed. The judge made a statutory report of material facts. The evidence is not reported.

We summarize the facts as stated in the report of material facts: The locus is situated in the vicinity of Prospect Street and Worcester Street in the town of Framingham. Prospect Street runs approximately at right angles to, and in a northerly direction from, Worcester Street (sometimes referred to as the Worcester Turnpike or Route 9). In this part of Framingham, Worcester Street is zoned for business purposes to a depth of 300 feet. Beyond that depth the area, of which the locus is a part, is zoned for single residences, with a 20,000 square foot minimum lot requirement. The southern boundary of the locus is the northern boundary of the above mentioned 300 foot deep business zone. In that section of the business zone which is contiguous to the locus are located an office building with parking space, a supermarket with parking space, a retail liquor store, and an automobile sales and service agency. When, in January, 1956, Hanna acquired the major portion of the locus, there was located thereon a large residence which has since fallen into a state of complete disrepair and cannot now be salvaged.

In August, 1959, Hanna and Philopoulos applied to the building inspector of the town of Framingham for a permit to construct on the locus "one or more garden type one-story office buildings for business and professional occupancy, and a parking lot to accommodate the same." The building inspector denied the permit on the ground that the proposed construction would constitute a "non-conforming use in a residential area."

Hanna and Philopoulos appealed to the board of appeals which, after hearing, directed that the permit be issued "as

a variance,'' but under certain conditions.   Among the lat-
ter were the requirements that there be a so called buffer
zone of trees and landscaping on the north and east of the
proposed buildings, a limitation on the height of the build-
ings, and setback restrictions.   On appeal to the Superior
Court under G. L. c. 40A, § 21, the judge, after a hearing
de novo, found, on the basis of expert testimony, that ''the
development of this area in question into residential lots of
20,000 square feet, and the erection of suitable residences
thereon, would entail an ultimate prohibitive sales price in
excess of thirty thousand ($30,000) dollars per dwelling
unit'' and that ''under the circumstances, it would be un-
realistic to expect the owners of the premises to develop the
area for residential use at this cost and on this basis; and
especially in view of the propinquity of the commercial
activity in the contiguous business zone.''   For these rea-
sons the judge found that ''failure to grant this variance
would have resulted in substantial hardship to the owners
of the property.''   He also found that in the granting of
the variance there would be no substantial detriment to the
public good nor any substantial derogation from the intent
and purpose of the zoning by-laws of the town.

The decree must be reversed.   In rendering its decision[1]
the board of appeals exceeded its authority in that it failed
to meet the requirements of G. L. c. 40A, § 15, cl. 3, as ap-
pearing in St. 1958, c. 381, as that section has been construed
in our decisions.

The board's decision does not include a finding that the
hardship to Hanna and Philopoulos involved in a literal en-
forcement of the zoning by-laws of the town of Framingham
is ''owing to conditions especially affecting . . . [the locus]

---

[1] The text of the board's decision reads as follows:

''The Board is of the opinion that the Zoning By-Law hereinbefore re-
ferred to in this case would involve practical difficulty and unnecessary hard-
ship and that the granting of the requested permit will not substantially dero-
gate from the intent and purpose of the Zoning By-Law and will not, in any
way, derogate from the character of the neighborhood.

''The Board feels that this variance will not impair, but rather improve the
status of the neighborhood considering the fact that there is at present time
abutting this area a retail super-market, and an automobile sales and service
establishment of new and used cars.

but not affecting generally the zoning district in which it is located . . . ." See *Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593, 594–595. For this reason the board's decision is invalid on its face and should not have been allowed to stand on appeal under G. L. c. 40A, § 21. *Barnhart* v. *Board of Appeals of Scituate, ante,* 455, 457, and cases cited. Furthermore, the judge also failed to include such a finding in his statutory report of material facts. Accordingly, the decree upholding the board's decision is not supported and must be reversed. *Barnhart* v. *Board of Appeals of Scituate, ante,* 455, 457–458.

Nor do we think that the subsidiary facts found by the judge would permit a finding that there was hardship "owing to conditions especially affecting . . . [the locus] but not affecting generally the zoning district in which it is located . . . ." The judge found that the development of the interveners' property for residential purposes was financially out of the question. There is, however, nothing in the record from which we can infer that the factors giving rise to such a situation are not similarly present in the zoning district generally. There is, in fact, nothing in the record to indicate, even in a general way, what factors exist which render the cost of the development of the land for residential purposes prohibitive.

The interveners stress the fact that the locus is contiguous to a business zone which has become "highly commercialized." We are not persuaded by this argument. In the first place the interveners do not point to any causal relationship between this juxtaposition and the fact that the cost of residential development of their property is prohibitive. Secondly, even assuming such a causal relationship, this contiguity cannot be considered a "condition" especially affecting the land within the meaning of G. L. c. 40A, § 15, cl. 3. "A district has to end somewhere. Care should be taken lest the boundaries of a residence district

"The Board further feels that the public convenience will be substantially served.

"This area is near the Worcester Turnpike (Route 9) which is an existing and fast growing business and industrial area."

be pared down in successive proceedings granting variances to owners who from time to time through such proceedings find their respective properties abutting upon premises newly devoted to business purposes." *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 184. What the interveners seek in effect and what the board has granted is a change in the zone boundary. See *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 184; *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 751. It may well be, as the judge and the board have said, that due to the conditions of the area in which the interveners' land is located such a change would be beneficial to the community. This, however, is a matter for consideration by the town under procedures adopted for amendments to its zoning by-laws. The board's "limited and carefully restricted variance power, *Benjamin* v. *Board of Appeals of Swansea,* 338 Mass. 257, 261, may not be invoked for this purpose." *Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593, 595.

The final decree is reversed and a decree is to be entered that the decision of the zoning board of appeals of the town of Framingham was in excess of its authority and is annulled; and directing the clerk of court within thirty days after the entry of the decree to send an attested copy thereof to the board and to the inspector of buildings of said town.

*So ordered.*