FRANCOIS L. BOUCHARD & others *vs.* CAROLINE RAMOS & others.

Bristol.    October 11, 1963. — November 4, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Zoning,* Variance.

Respecting a parcel of land occupying an entire block, of which a part, with an eating and refreshment business thereon, was located in a business zoning district and the remaining part, vacant land, was located in a residential zoning district near other vacant land, the facts that the vacant part of the parcel "would not be practical to use for residential purposes" and that there was a lack of demand for new dwellings to be built in the vicinity did not show "substantial hardship" "owing to conditions especially affecting" the vacant part within G. L. c. 40A, § 15 (3), nor support the granting of a variance authorizing the erection of a supermarket on the vacant part.

BILL IN EQUITY filed in the Superior Court on May 31, 1961.

The suit was heard by *Dewing,* J.

· *Thomas M. Quinn* (*George H. Young* with him) for the plaintiffs.

*Jack London* (*Chris Byron* with him) for the defendants Ramos.

WHITTEMORE, J.  The plaintiffs have appealed from a decree of the Superior Court that adjudged valid the decision of the Board of Appeals of New Bedford granting a variance to the defendants Caroline and John L. Ramos, Jr., hereinafter referred to as the defendants.

There are findings of fact; the evidence is reported.

The defendants in 1945 bought the parcel of land that occupies the entire block between Acushnet Avenue and Belleville Avenue, and is bounded on the north by Dawson Street and on the south by Harwich Street.  It had been the site of "one of those big, old houses" which had been taken down.  The parcel was partly in the business zone of Acushnet Avenue which, in the parcel and in the blocks to the south, was eighty feet in depth, but was deeper in the block across Dawson Street to the north.  Thereafter in 1946, a zoning amendment widened the business district in the defendants' parcel to 250 feet measured along Dawson Street, or to about the same width as that in effect across Dawson Street.  This left about 180 feet of the parcel in the residence "B" district which extends on both sides of Belleville Avenue for varying distances from the parcel. In this district and near the parcel there are a number of residences.  The portion of the parcel zoned for residential use is vacant land and is the locus for which the variance was granted.  In 1947 the defendants erected a building on that portion of the parcel zoned for business.  The building has since been used for the conduct of an eating and refreshment business.

The defendants in March, 1960, petitioned the city council to extend the business district within this parcel so as to include the locus.  The planning board reported favor-

ably but after an unfavorable committee report the council tabled the petition. The council in January, 1961, granted the defendants leave to ''withdraw . . . without prejudice.''

The petition for a variance, dated March 16, 1961, sought permission to erect a supermarket building on the defendants' parcel to stand in greater part on the locus, and it disclosed the purpose to use the remainder of the parcel, mostly in the business zone, for parking for customers of the supermarket.

The board's decision, after a summary reference to the petition, records only that the board ''voted four to one in favor of the petition.'' The parties, have, however, by stipulation, waived any objections to the decision based ''on the ground that it fails to show how each member voted . . . [or] to state . . . reasons . . . or . . . that a detailed record of the proceedings . . . is not included . . . .'' Our holding is such that we need not consider the effect of the stipulation.

Many of the findings of the judge would tend to support a zoning amendment to expand the business district in the vicinity of the locus.[1]

Neither the findings nor the evidence, however, shows that the requirements of G. L. c. 40A, § 15, cl. 3,[2] as to hard-

---

[1] ''[T]here has been no demand for residential development in this area in recent years.'' There are nonconforming uses and ''many light manufacturing and mercantile establishments in the vicinity.'' The business zone and an industrial zone are not far away. The city planner testified that the proposed change ''would be for the public benefit.'' ''None of the properties in the immediate vicinity . . . are of recent origin. The [defendants'] vacant land . . . adds no benefit to the neighborhood. . . . [A] lot across Harwich [Street] . . . adversely affects the value of other properties in the vicinity.'' ''[The proposed changes] will improve the appearance of the locus.'' ''[T]he district is not progressing as a residential area, but in fact is gradually developing into mercantile and manufacturing area.'' ''If . . . the best interests of the community demand that business should be expanded, then the desires of the remaining property owners must be overruled.''

[2] Under § 15, cl. 3, it must be shown that ''owing to conditions especially affecting such parcel or such building but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law, . . . .''

ship have been met. If we assume that the evidence permitted the judge's finding that the "vacant land . . . [of the defendants] would not be practical to use for residential purposes," nevertheless, the consequent "substantial hardship" which he found is not of the kind that supports a variance. *Sullivan* v. *Board of Appeals of Belmont, ante,* 81, 84–85.

What it comes down to is that the defendants' parcel is less valuable because not all of it may be used for a business purpose and no major use for part of it is presently economically practical. This is a hazard often accompanying the ownership of property along or near zone boundaries.

Even if the locus could be separately considered, the defendants have not sustained the burden (see *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555–556) of coming forward with evidence that the lack of demand for new dwellings to be built in the vicinity is a circumstance "especially affecting such parcel." *Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593, 594–595. *Coolidge* v. *Zoning Bd. of Appeals of Framingham,* 343 Mass. 742, 744–745. It expressly appears, indeed, that there is other vacant land near by in the residence "B" district.

The decree is reversed. A final decree is to be entered in the Superior Court adjudging that the decision exceeded the authority of the board and is annulled.

*So ordered.*