WILLIAM ARONSON *vs.* BOARD OF APPEALS OF STONEHAM & others.

Middlesex.   October 8, 1965. — October 28, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Zoning,* Variance.

The facts, that a line of an existing house violated a setback requirement of the town's zoning by-law, that a porch extending that line, which the owner desired to add to the house and for which he sought a zoning variance, would be for the use of his invalid child, and that adding the porch "at the opposite side" of the house would not be feasible, did not show that there was substantial hardship to the owner "owing to conditions especially affecting such parcel or such building" or that "desirable relief . . . [might] be granted . . . without nullifying or substantially derogating from the intent or purpose of" the by-law within G. L. c. 40A, § 15 (3), and did not justify the granting of the variance.

BILL IN EQUITY filed in the Superior Court on November 1, 1963.

The suit was heard by *Tomasello, J.*

*Hyman Borax* for the plaintiff.

No argument or brief for the defendant.

WHITTEMORE, J.   This is an appeal by an aggrieved abutter from a decree of the Superior Court upholding the granting of a variance to the defendants Vincent A. and Irene T. DePierro to permit them to add a porch to premises at 25 DeWitt Road, Stoneham. The record includes, by designation, a brief excerpt of the testimony, and also the exhibits and a report of material facts.

The plan of the locus, identified thereon as lot 15, shows that the northerly side line of the DePierros' house (26.4 feet in length) is 6½ feet from the lot line. The zoning by-law requires a side yard of not less than 10 feet. The

variance would permit the construction of an 8′ x 10′ porch on the northeast corner of the house, so that its 8 foot northerly side line would be in the line of the house, and 6½ feet from the lot line.

Exhibit 2 is an application by Peter P. Savelo dated October 9, 1951, for a permit to build a house on lot 15 on DeWitt Road. It recites the distance from each side line as ''10′ & 23′.'' The zoning by-law, exhibit 1, was, as stipulated, adopted in 1925. The printed copy of the by-law constituting exhibit 1 contains mimeographed insertions of amendments. There is no indication in the exhibit or elsewhere in the record of an amendment at any time of the applicable provision for a 10 foot setback from the side line of a lot. The judge found that at the time of purchase by the DePierros (July 12, 1961, according to an exhibit) and ''up to [a] recent date they were unaware that the structure upon their land was in violation'' of the zoning by-law.

The judge found that the intended porch is for the use of an invalid child of the DePierros, and that adding the porch ''at the opposite side of said building'' was not feasible because of bedrooms and a driveway along the south line of the building. Nothing in the plan or record shows that it would be infeasible to build the porch in about the same place as proposed, but with its north side line 10 feet from the lot line in conformity with the by-law. There is no express finding of hardship although a finding of hardship by the board is noted. The judge found that high shrubbery between the adjacent lots gives the parcels a great degree of privacy and that the intended addition will not detract from or affect the value of the adjoining properties. The judge ruled that the granting of the variance would not be detrimental to the public good.

The evidence did not permit the granting of the variance. That a zoning violation had existed was not a condition ''especially affecting such parcel or such building but not affecting generally the zoning district in which it is located.'' (G. L. c. 40A, § 15.) Colabufalo v. Public Bldgs. Commr. of Newton, 336 Mass. 205, 211. A use which ex-

ceeds zoning limitations "cannot be made a fulcrum to lift those limitations." *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 750. *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 161. We hold that where the proposal is to extend on the lot an existing violation the finding (required by § 15) may not be made that "desirable relief may be granted . . . without nullifying or substantially derogating from the intent or purpose of such . . . by-law." Even apart from the foregoing considerations, the variance would fail for want of a showing of sufficient hardship. See *Winters* v. *Zoning Bd. of Review of Warwick,* 80 R. I. 275, 279–280 ("hardship" does not refer to personal infirmity).

The final decree is reversed. A decree is to enter in the Superior Court annulling the decision of the board of appeals.

*So ordered.*