MARGARET MURPHY *vs.* WM. FILENE'S SONS COMPANY. February 2, 1967. The evidence most favorable to the plaintiff was as follows: The plaintiff on March 21, 1960, was an invitee in the defendant's store. On leaving the store she approached a set of swinging glass doors. She put her right hand on the right hand door and started to push it open. Hearing footsteps, she thought someone was going through the door behind her. The sound of the footsteps receded and she "took her hand off the door and as she did the door whipped her hand back [and] smashed it right back against the second door." After receiving treatment at the defendant's dispensary, the plaintiff went back to look at the doors and she noticed that the door she had attempted to go through was "not flush" and was "open about . . . one and a half to two inches all the way down." The defendant's motion for a directed verdict, which was denied subject to exception, ought to have been granted. That the door was not flush, as the plaintiff testified, does not tend to establish that this condition was a cause of the accident; it could just as well have happened because the plaintiff did not take her hand away in time. The plaintiff's case is not strengthened by evidence, admitted subject to the defendant's exceptions, that the plaintiff observed the door three weeks before the accident and it "wasn't flush" and "wasn't hung right," and that an inspection of the door by her shortly before the trial revealed that the "doors were all flush." Since the result would be the same, we need not pass on the admissibility of this evidence.

*Exceptions sustained.*
*Judgment for the defendant.*

*Thomas F. Myles* for the defendant.

*George A. Brochu, Jr.,* for the plaintiff, submitted a brief.


ALVIN B. ALLEN *vs.* BOARD OF APPEALS OF FALL RIVER & others. February 3, 1967. This is an appeal from a final decree of the Superior Court annulling a decision of the board of appeals of the city of Fall River which granted a variance for the construction of a gasoline service station on land in a general residential zoning district. The trial judge ruled that the board "fails to state the existence of each of the prerequisites to the granting of a variance." G. L. c. 40A, § 15. We agree and see no need to repeat the legal principle involved in this case. *Barnhart* v. *Board of Appeals of Scituate,* 343 Mass. 455.

*Decree affirmed.*

The case was submitted on briefs.

*William A. Torphy, Frank M. Silvia, Jr., & Frederic J. Torphy* for the defendants de Arruda.

*Charles I. Tucker & James T. Waldron* for the plaintiff.