LILLA T. WOLFSON *vs*. SUN OIL COMPANY & another.

Suffolk.    January 6, 1970. — February 27, 1970.

Present: WILKINS, C.J., KIRK, SPIEGEL, & REARDON, JJ.

*Zoning*, Variance.

The facts, that a lot on which a gasoline station stood in conformity with the zoning code of a city was irregularly shaped and was divided into three separate zoning districts upon the adoption of a new zoning code, and that thereafter any additional construction thereon would result in violations of the code, did not show the "substantial hardship" required for a grant by the zoning board of appeals of a variance for an addition of an inspection bay to the station, requested by the owner solely in order to be "competitive" and to "update" the station, and a grant of the variance was in excess of the board's authority and must be annulled.

BILL IN EQUITY filed in the Superior Court on October 4, 1967.

The suit was heard by *Kalus, J.*

*Jerome P. Facher* for the plaintiff.

*William D. Quigley* (*Joseph Graglia* with him) for Sun Oil Company.

SPIEGEL, J.    This is a bill in equity under St. 1956, c. 665, § 11, to annul the decision of the board of appeal for the city of Boston (board) granting "an extension of a non-conforming use and a variance from the terms of the Boston Zoning Code" (code).    The trial judge made "Findings, Rulings and Order for Decree."    The plaintiff appeals from a final decree holding that the board did not exceed its authority and that no modification of its decision was required.    The evidence is reported.    All questions of law, fact and discretion are open for review by us, but the findings of fact will not be disturbed unless they appear to be plainly wrong. *Rodenstein* v. *Board of Appeal of Boston*, 337 Mass. 333, 334.

Sun Oil Company (Sunoco) had operated a gasoline station at 1200 Veterans of Foreign Wars Parkway, West Roxbury (locus), since 1950, "as [a] lessee up to 1966, at

which time it acquired ownership of the locus." The property owned by the plaintiff is "[d]irectly behind the locus." Prior to December 31, 1964, both the plaintiff's property and the locus were situated in a " '1–80' zone district which permitted the erection of gasoline stations and other commercial uses." A new zoning code which became effective on December 31, 1964, divided the locus into three separate zoning districts. A portion of the locus "is in an 'S–5 zone (Single Residence District)' "; another part of the locus is located in an "L–5 (Local Business District)," and the "remainder of the lot is in [a] 'B–1 (General Business District).' " The land surrounding and the plaintiff's property in question "is almost entirely devoted to business and industrial uses." The locus is bordered on the right by a driveway leading to the plaintiff's property.

On June 19, 1967, Sunoco filed "an application for a permit . . . with the building department of the city of Boston to construct . . . [an] addition to its gasoline station" which would consist of an inspection bay forty-eight feet long and fifteen feet four inches wide. The building commissioner did not grant the permit "citing as reasons therefor that the proposed construction would be in violation of the following zoning code provisions: Article 9, Section 9–1 (Non-Conforming use), Article 19, Section 9–1 (Side Yard Requirements), and Article 20, Section 20–1 (Rear Yard Requirements)." Shortly thereafter, Sunoco appealed to the board "seeking a variance of the provisions of the . . . code cited by the building commissioner." After a public hearing the board granted the variance "with conditions."

The judge found that "because of the size and irregular shape of the locus, and more particularly because of the re-zoning in 1964 which divided it into three separate zones, the locus was unique." He concluded that the effect of the rezoning of the locus "has prevented . . . [Sunoco] from making a maximum reasonable use of its property."

The judge in effect found, as the board had found, that there was "substantial hardship" to Sunoco and that

desirable relief could be granted without "substantial detriment to the public good without nullifying or substantially derogating from the intent and purpose of . . . [the code]."

Under St. 1956, c. 665, § 9, the board's power to grant a variance is substantially the same as that conferred upon the board of appeals in other municipalities by G. L. c. 40A, § 15. *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 183.[1] Section 9 provides that: "Upon an appeal from the refusal of the building commissioner or other administrative official to issue a permit under this act or under a zoning regulation as adopted and amended under this act, said board of appeal may authorize with respect to a particular parcel of land or to an existing building thereon a variance from the terms of such zoning regulation where, owing to conditions especially affecting such parcel or such building, but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of such zoning regulation would involve substantial hardship to the appellant, and where desirable relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent and purpose of such zoning regulation, but not otherwise. In authorizing such variance, said board may impose limitations both of time and of user, and a continuation of the use permitted may be conditioned upon compliance with regulations to be made and amended from time to time thereafter." All the board and the judge did by their "findings" was substantially to repeat the language contained in the statute. The specific findings necessary to satisfy the requirements for granting a variance are not met by a "mere repetition of the statutory words." *Brackett* v. *Board of Appeal of the Bldg. Dept. of Boston,* 311 Mass. 52, 54. *Sullivan* v. *Board of Appeals of Belmont,* 346 Mass. 81, 83.

---

[1] Whereas, the boards of other municipalities can grant a variance if "a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise to the appellant," G. L. c. 40A, § 15, the board of appeal of Boston can only grant a variance if there is "substantial hardship," without taking into consideration any financial detriment that may be involved. St. 1956, c. 665, § 9.

The special circumstance found by the judge and the board is based on the premise that the size and irregular shape of the locus, together with its division into three separate zones, would result in violations of the code if any additional construction was attempted. Sunoco's desire to change the operation of the gasoline station after purchasing the locus "with a zoning law limitation on its use cannot be made a fulcrum to lift those limitations." *Cary* v. *Board of Appeals of Worcester*, 340 Mass. 748, 750. *Aronson* v. *Board of Appeals of Stoneham*, 349 Mass. 593, 594-595.

In the instant case there was no "substantial hardship" fully described in the board's findings. Sunoco admitted that its sole purpose for requesting the variance to build the inspection bay was to be "competitive" and to "update" the gasoline station. However, even if the variance is not granted, Sunoco can continue to make reasonable use of the locus as a gasoline station. The possible hardship suffered if the variance is denied does not relate to the locus, but rather to the preclusion of Sunoco's competitive and economic advantage. *Sullivan* v. *Board of Appeals of Belmont*, 346 Mass. 81, 84. In the recent case of *Abbott* v. *Appleton Nursing Home, Inc.* 355 Mass. 217, 221, where the board was found to have exceeded its authority, we stated that "[t]o hold . . . [a personal hardship as one affecting the locus] would treat . . . declining profit derived from a nonconforming use as in itself a hardship permitting a variance to enlarge and expand that use." Obviously, the converse situation (granting of a variance to permit the owner of the locus to increase profits) does not qualify as a hardship permitting the granting of a variance.

Each requirement of the statute must be satisfied before a variance may be granted. *Spaulding* v. *Board of Appeals of Leicester*, 334 Mass. 688, 692. *Cary* v. *Board of Appeals of Worcester*, 340 Mass. 748, 752. *Barnhart* v. *Board of Appeals of Scituate*, 343 Mass. 455, 457. We do not believe that the board made findings sufficient to demonstrate a substantial hardship. Consequently the board's decision was invalid, and on appeal to the Superior Court should not

have been allowed to stand. *Barnhart* v. *Board of Appeals of Scituate, supra,* at 457.

In view of our determination that there was no "substantial hardship," we need not consider whether the board violated other provisions of the statute in granting the variance. The final decree is reversed. A decree is to be entered that the decision of the board exceeded its authority and is annulled.

*So ordered.*