Rescript Opinions.

ELSIE I. O'BRIAN *vs.* BOARD OF APPEALS OF BROCKTON & another (and a companion case[1]). April 24, 1975. The plaintiff appeals from two final decrees affirming decisions of the defendant board granting variances to the defendants Carney and the Brockton Agricultural Society (Society), owners of separate portions of the locus, for the construction of a Registry of Motor Vehicles building in a single family residential zone, and from an interlocutory decree which annulled the board's original decisions granting the requested variances and remanded the case to the board for further findings. 1. The judge acted within his discretion (G. L. c. 40A, § 21, as amended through St. 1972, c. 334) in annulling the prior decisions of the board and remanding for further findings in accordance with G. L. c. 40A, § 15. *Roberts-Haverhill Associates* v. *City Council of Haverhill,* 2 Mass. App. Ct. 715, 717-719 (1974). 2. The judge, who was personally familiar with the locus and the surrounding area, made detailed findings and concluded that all the statutory requisites (G. L. c. 40A, § 15) for a variance had been met. He found that the locus would be "economically useless" for the development of single family residences under the terms of the Brockton zoning code (code) as a result of adverse subsoil conditions, the costs of piping a twenty foot wide drainage ditch passing through the locus and of constructing a sewer and a new road, and the pervasive commercial development and activity in the surrounding area. These findings are supported by the evidence and warranted his conclusion that literal enforcement of the code would constitute a substantial hardship especially affecting the locus but not affecting the zoning district generally. The case falls within the authority of *Tanzilli* v. *Casassa,* 324 Mass. 113, 115-117 (1949); *Rodenstein* v. *Board of Appeal of Boston,* 337 Mass. 333 (1958); *Kairis* v. *Board of Appeal of Cambridge,* 337 Mass. 528 (1958); *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 551-552 (1962); *Sherman* v. *Board of Appeals of Worcester,* 354 Mass. 133 (1968); *Johnson* v. *Board of Appeals of Wareham,* 360 Mass. 872 (1972); *Broderick* v. *Board of Appeal of Boston,* 361 Mass. 472, 477-478 (1972); and *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 291-294 (1972). The judge also found that the new public building would enhance the neighborhood and that an expected increase in traffic would not be a substantial problem and was outweighed by the need for the new facility. His conclusions that the variance would not be detrimental to the public good and would not derogate from the intent or purpose of the code were amply supported by the evidence and his findings. See *Rodenstein* v. *Board of Appeal of Boston, supra,* at 335-336; *Broderick* v. *Board of Appeal of Boston, supra,* at 478-479. 3. The plaintiff has no standing to invoke any breach of fiduciary duty owed by Carney to the Society.

*Interlocutory decree affirmed.*

*Final decrees affirmed.*

*John R. Wheatley (Frederick W. Adami, III,* with him) for the plaintiff.

*Joel A. Kozol (Richard M. Zinner & Joseph I. Sousa,* City Solicitor, with him) for the defendants.

---

[1] Elsie I. O'Brian *vs.* Board of Appeals of Brockton and Brockton Agricultural Society.