ANDREW D. COSTA & another *vs.* ZONING BOARD OF APPEALS OF FRAMINGHAM & another. April 25, 1978. The plaintiffs brought this action under G. L. c. 40A, § 21, as amended through St. 1972, c. 334, to annul the decision of the defendant board. The issues were before the Superior Court on a "stipulation of material facts" and eleven exhibits appended thereto. Although the judge took a view, the record does not reflect what he may have seen on that view. 1. There was nothing in the stipulation from which the judge could have inferred that, "owing to conditions especially affecting [the locus] . . . but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the . . . by-law would involve substantial hardship . . . ." G. L. c. 40A, § 15(3), as in effect prior to St. 1975, c. 808, § 3. Contrast *O'Brian* v. *Board of Appeals of Brockton,* 3 Mass. App. Ct. 740 (1975), and cases cited. It was agreed that the topography and soil conditions of the locus are not different from other land in the district, and it is clear that the land is not isolated geographically from the rest of the district of which it is a part. Proximity to the sand and gravel pit could not by itself justify a variance. See *Real Properties, Inc.* v. *Board of Appeal of Boston,* 319 Mass. 180, 184 (1946); *Sullivan* v. *Board of Appeals of Belmont,* 346 Mass. 81, 84-85 (1963); *Bouchard* v. *Ramos,* 346 Mass. 423, 425-426 (1963); *Garfield* v. *Board of Appeals of Rockport,* 356 Mass. 37, 41 (1969); *Wolfson* v. *Sun Oil Co.,* 357 Mass. 87, 90 (1970). *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547 (1962), upon which the board relied, is distinguishable because of the factors in that case of peat deposits making the locus unsuitable for residential use and the physical isolation of the locus from the rest of the district of which it was a part. The fact that an unused variance exists, permitting a portion of the locus to be used for an industrial use, can no more justify a finding of conditions especially affecting the locus than could the actual existence on the parcel of a nonconforming industrial use, as to which see *McLaughlin* v. *Rockland Zoning Bd. of Appeals,* 351 Mass. 678, 683 (1967). See also *Benjamin* v. *Board of Appeals of Swansea,* 338 Mass. 257, 261-262 (1959); *Rafferty* v. *Sancta Maria Hosp.,* 5 Mass. App. Ct. 624, 631 (1977), and cases cited. 2. Because the necessary element of hardship affecting the locus has not been established, it is unnecessary to discuss the other possible grounds of invalidity of the variance which have been argued. Cf. *Garfield* v. *Board of Appeals of Rockport, supra.* Accordingly, the judgment is reversed, and a new judgment is to be entered that the

decision of the board of appeals was in excess of its authority and is annulled.

*So ordered.*

*Evan T. Lawson* for the plaintiffs.
*Aaron K. Bikofsky*, Town Counsel, for the defendants.