PETER SIMONE & others *vs.* BOARD OF APPEALS OF
HAVERHILL & others.

Essex.    May 17, 1978. — September 13, 1978.

Present: KEVILLE, GOODMAN, & BROWN, JJ.

*Zoning,* Variance.

A decision by a city's board of appeals granting a variance for oper-
ation of a retail food store and gasoline pumps in a residential
district zoned for single and two-family residences was annulled
where there was insufficient evidence that a hardship existed of the
kind necessary for a variance under G. L. c. 40A, § 15(3), as in effect
prior to St. 1975, c. 808, § 3, even though it appeared that the
market value of the locus would decrease if the variance were not
granted and that there might be some economic difficulty in devel-
oping the locus for residential purposes. [602–604]

A decision by a city's board of appeals granting a variance, which
contained only a general and cryptic statement as to the reasons for
granting the variance, failed to comply with the requirements of
G. L. c. 40A, § 18, as in effect prior to St. 1975, c. 808, § 3. [604]

CIVIL ACTION commenced in the Superior Court on
January 9, 1975.

The case was heard by *Bennett,* J., on a master's report.

*John E. Boyle* for Peter Simone & others.

*James T. Ronan* for William Rabinowitz.

GOODMAN, J. This action seeks to set aside a decision of
the board of appeals of Haverhill (board) which granted
a variance for "a retail food store and gasoline pumps,"
to be operated from a structure at 610 Main Street (locus).
The structure had been built in 1962, before the adoption
of the Haverhill zoning ordinance, as a gasoline station
and was intermittently used for the purpose both before
and after the effective date of the ordinance, January 1,
1972. Under that ordinance the gasoline station was a

nonconforming use in a residential district zoned primarily for single and two-family residences. The locus has not been used as a gasoline station since 1973.[1] The case was referred to a master, whose report concluded that the board did not exceed its authority in granting a variance. The judge accepted the report, which was accompanied by a summary of the evidence in support of certain of the master's findings (summary of the evidence). See Rule 49(7) of the Superior Court, as amended, effective May 8, 1976. He entered judgment upholding the variance; we reverse.

The master's report, taken together with the summary of the evidence, does not support the judgment. It does not manifest the existence of a "substantial hardship" which is "owing to conditions especially affecting [the locus] . . . but not affecting generally the zoning district in which it is located . . . ." G. L. c. 40A, § 15(3), as in effect prior to St. 1975, c. 808, § 3. See now G. L. c. 40A, § 10.

The master's finding that the locus, containing 25,239 square feet, has a value for residential purposes of $10,-000, demonstrates that the zoning ordinance does not deprive the applicant of the use of his land. *Bruzzese* v. *Board of Appeals of Hingham*, 343 Mass. 421, 424 (1962). *Hunt* v. *Milton Sav. Bank*, 2 Mass. App. Ct. 133, 140 (1974). Cf. *Sherman* v. *Board of Appeals of Worcester*, 354 Mass. 133, 135 (1968). From that finding it would appear that this is not a case in which the removal of the gas station and the surrounding pavement is so expensive (the master's report contains no cost figures) as to make it unreasonable to attempt to develop the locus for residential purposes. Thus, that finding is inconsistent with an inference that the locus cannot reasonably be developed for residential purposes—a conclusion which would otherwise result from the findings that the property has "little suitability to justify residential use" and that the

---

[1] We need not decide whether the nonconforming use still exists; that does not change the result.

location "makes it undesirable to attract many buyers."[2] See *Coolidge* v. *Zoning Bd. of Appeals of Framingham*, 343 Mass. 742, 745 (1962).

The decrease in market value from $50,000 if the variance is granted to $10,000 if the property must be used in accordance with the zoning ordinance does not aid the applicant for the variance. "The loss of the advantages of a nonconforming use when that use ends is not 'substantial hardship, financial or otherwise' within the statute." *McLaughlin* v. *Rockland Zoning Bd. of Appeals*, 351 Mass. 678, 683 (1967). *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 631 (1974). See *Abbott* v. *Appleton Nursing Home, Inc.*, 355 Mass. 217, 220–221 (1969). Under similar circumstances the court said in *Garfield* v. *Board of Appeals of Rockport*, 356 Mass. 37, 41 (1969): "The locus apparently could be used for residential purposes, and neither the expense of razing the Inn nor the loss of a possible sale of the locus for business use establishes a hardship under G. L. c. 40A, § 15." This case is different from *Johnson* v. *Board of Appeals of Wareham*, 360 Mass. 872, 873 (1972), which involved "not being able reasonably to use this unusual, if not unique, and substantial" building.

Nor does the master's report indicate the existence of conditions which especially affect the land. Cf. *Sherman* v. *Board of Appeals of Worcester*, 354 Mass. at 135, and cases cited. Such economic difficulty as there may be in developing the locus for residential purposes is, as the master's report shows, due to the growing business character of the area and the proximity of the locus to another gasoline station. But the changing character of the neighborhood affects all the land in the area including particularly vacant land which the master found to exist nearby and the development of which would also be disadvantaged. *Bouchard* v. *Ramos*, 346 Mass. 423, 426 (1963). *Cass*

---

[2] Moreover, we see nothing in the summary of the evidence to justify those conclusions.

v. *Board of Appeal of Fall River*, 2 Mass. App. Ct. 555, 559 (1974). See *Coolidge* v. *Zoning Bd. of Appeals of Framingham*, 343 Mass. at 745–746. And the proximity of the locus to a non-conforming business use cannot generally serve as a basis for a finding of unique conditions. See *Rafferty* v. *Sancta Maria Hospital*, 5 Mass. App. Ct. 624, 631 (1977), and cases cited.

The Superior Court reached the merits of the board's decision, and we have proceeded in the same way. See *Cass* v. *Board of Appeal of Fall River*, 2 Mass. App. Ct. at 558 n.5. We observe, however, that the board's decision completely fails to comply with the requirements of G. L. c. 40A, § 18, in effect prior to St. 1975, c. 808, § 3 (see now G. L. c. 40A, § 15, fifth paragraph), that the board "set [   ] forth clearly the reason or reasons for its decisions." "The specific findings necessary to satisfy the requirements for granting a variance are not met by a 'mere repetition of the statutory words.'" *Wolfson* v. *Sun Oil Co.*, 357 Mass. 87, 89 (1970). In this case where the board's decision contains only the most cryptic allusion to the requirements for a variance[3], the trial judge could have annulled the decision without reaching the merits. *Spaulding* v. *Board of Appeals of Leicester*, 334 Mass. 688, 692 (1956). *Allen* v. *Board of Appeals of Fall River*, 351 Mass. 714 (1967). Ford, Judicial Review in Zoning Variance Cases and Related Matters, 61 Mass. L.Q. 24, 27 (1976) ("Limited Issue Trial"). See *Barnhart* v. *Board of Appeals of Scituate*, 343 Mass. 455, 457 (1962); *Wolfson* v. *Sun Oil Co.*, 357 Mass. at 90–91; *Cass* v. *Board of Appeal of Fall River*, 2 Mass. App. Ct. at 558 n.5. Contrast, however, *Ferrante* v. *Board of Appeals of Northampton*, 345 Mass. 158, 162 (1962), in which the court held that "detailed findings are not required when the board *refuses* to grant a variance" (emphasis supplied).

---

[3] The board's decision contained only the following statement as to the reasons for granting the variance: "Reason: Hardship owing to condition of parcel. Substantial relief without detriment to the public good. Condition affects parcel but not district. Does not derogate from intent; was a gas station before variance was granted."

Accordingly, the judgment is reversed, and a new judgment is to be entered annulling the decision of the board.

*So ordered.*