IRENE LEWICKI *vs.* BOARD OF APPEALS OF HAVERHILL & another.[1] September 27, 1979. The plaintiff appealed on June 29, 1976, to the Superior Court under G. L. c. 40A, § 21, as in effect prior to St. 1975, c. 808, § 3, from the granting of a limited and conditional variance by the board of appeals of Haverhill (board) which authorized Richard Early (defendant) to take gravel from a site now owned by the plaintiff. Following an agreement between Early and the plaintiff's predecessor in interest, Early was granted a special permit in 1972 to open a gravel pit at the locus. The permit was subsequently modified in the Superior Court. The permit imposed on the defendant the obligation to restore the contours of the land. In 1974 he was granted a two-year extension of the modified permit, incorporating the restoration requirements. Subsequently, the Haverhill zoning ordinance was amended to prohibit the removal of gravel in the zoning district in which the locus was situated, and on June 15, 1976, Early was granted a variance (due to expire on July 11, 1980) which incorporated the previously imposed requirements for restoration of the site. The plaintiff appeals from the judgment of the court upholding the decision of the board.

Based on the testimony of an employee of the board, the judge was warranted in finding that the notice and record requirements of c. 40A were met by the board. *Petition of Peterson*, 354 Mass. 110, 115-116 (1968). See *Commonwealth* v. *Ling*, 370 Mass. 238, 242 (1976). The judgment, however, must be reversed, because, given "the stringency of the requirements set out in [G. L. c. 40A, § 15(3), as in effect prior to St. 1975, c. 808, § 3]," *Josephs* v. *Board of Appeals of Brookline*, 362 Mass. 290, 292 (1972), and cases cited therein, we conclude that the findings made by the board and by the judge were inadequate. Neither the board nor the judge found, nor has our review of the evidence unearthed, any facts showing the existence of "conditions especially affecting such parcel . . . but not affecting generally the zoning district in which it is located . . . [which] would involve substantial hardship, financial or otherwise" if the zoning ordinance were to be enforced literally. G. L. c. 40A, § 15(3), as in effect prior to St. 1975, c. 808, § 3. See *Sullivan* v. *Board of Appeals of Canton*, 345 Mass. 117, 119 (1962);

---

[1] Richard P. Early.

*Wolfson* v. *Sun Oil Co.*, 357 Mass. 87, 90-91 (1970); *Cass* v. *Board of Appeal of Fall River*, 2 Mass. App. Ct. 555, 557-559 (1974). Contrast *Dion* v. *Board of Appeals of Waltham*, 344 Mass. 547, 551-552 (1962); *O'Brian* v. *Board of Appeals of Brockton*, 3 Mass. App. Ct. 740 (1975). Both the board and the judge found that the defendant would suffer substantial hardship if not permitted to complete the work contemplated under the variance, because without additional time he would be unable to comply with the restoration requirements. We conclude that these findings fail to indicate "conditions especially affecting" the site in question, but merely show a personal financial hardship to Early resulting from enforcement of the ordinance. Inability to comply with the restoration standards required by the mandate of the board and by the Superior Court decree cannot be regarded as the type of hardship contemplated by the statute. See *Barnhart* v. *Board of Appeals of Scituate*, 343 Mass. 455, 458 (1962); *Costa* v. *Zoning Bd. of Appeals of Framingham*, 6 Mass. App. Ct. 872 (1978); *Simone* v. *Board of Appeals of Haverhill*, 6 Mass. App. Ct. 601, 602-604 (1978). Cf. *Colabufalo* v. *Public Bldgs. Commr. of Newton*, 336 Mass. 205, 211 (1957). Accordingly, the judgment is reversed, and a new judgment is to be entered that the decision of the board was in excess of its authority and is annulled.

*So ordered.*

*Alfred A. Dobbs* for the plaintiff.
*Robert J. White* (*Ashod Amirian* with him) for the defendants.