Curran, Dennis J., J.
INTRODUCTION
Under G.L.c. 40A, Section 10, Antonio Brienza brings this action as an abutter and a person aggrieved in appealing a decision of the City of Everett Board of Appeals to grant a variance to Mary Jean Malinowski.
This matter is before the court as a judgment on the pleadings under Mass.R.Civ.P. 12(c), or in the alternative, a motion for summary judgment under Mass.R.Civ.P. 56. After a hearing and review of the moving and opposition papers, the motion for a judgment on the pleadings is ALLOWED.
BACKGROUND
The facts are construed in the light most favorable to Ms. Malinowski and the City of Everett Board of Appeals as the non-moving parties.
Ms. Malinowski owns a house at 38-40 Revere Street in Everett, Massachusetts. She shares a property line with Mr. Brienza and his wife, who own property at 39-41 Cabot Street in Everett. The rear of the Brienza house borders the rear of the Malinowski property.
On July 29,2009, Ms. Malinowski obtained a building permit to install a twelve foot by eighteen foot above-ground pool. During the fall of 2009, after the installation of the pool, Mr. Brienza obtained a certified plot plan for his property. The plan showed that: (1) a wooden fence separating the properties was located beyond the property line and within Brienza’s property; and (2) the swimming pool in Ms. Malinowski’s property was only 4.7 feet from the property line. The parties do not dispute this figure.
According to the Everett Zoning Ordinance, swimming pools must be set back a minimum of six feet from property lines. The relevant portion of the dimensional requirements within the ordinance reads:
(7) Rear Yard:

l ■ ■]

c. Swimming pools — Six (6) feet minimum from any lot line.
(Ordinance of 6-29-87; Ordinance of 4-29-91.)
Mr. Brienza complained to the Building Inspector because of the proximity of the pool to his property. The Building Inspector advised Ms. Malinowski that she needed to either relocate the pool or obtain relief from the Board.
Ms. Malinowski petitioned for relief from the Board. On December 7, 2009, the Board held a hearing on the petition. After consideration, the Board granted her petition for a variance because:
The Board of Appeals was of the opinion that a hardship was existent. Desirable relief can be granted without detriment to the public good and without nullifying or derogating from the intent or purpose of the Zoning Ordinance of the City of Everett
Mr. Brienza now appeals the decision from the Board under G.L.c. 40A, §17.
DISCUSSION
“No person has a legal right to a variance, and the discretion that may be exercised by a local zoning board is circumscribed by statute.” Pendergast v. Board of Appeals of Barnstable, 331 Mass. 555, 557 (1954). General Laws c. 40A, §10 authorizes a Zoning Board of Appeal to grant a variance only where it: (1) specifically finds that because of circumstances relating to soil conditions, shape or topography of the *508 particular parcel of land; (2) literal enforcement of the ordinance or by-law would involve substantial hardship to the petitioner; and (3) the grant of a variance would not cause “substantial detriment to the public good” or “nullify or substantially” derogate from the intent or purpose of the ordinance or by law. G.L.c. 40A, § 10. A failure to establish any one of the statutory requirements is fatal. Warren v. Zoning Board of Appeals of Amherst, 383 Mass. 1, 9-10 (1981).
Mr. Brienza brings this case as an abutter, because his property borders Ms. Malinowski’s. Abutting landowners enjoy a rebuttable presumption that they are persons aggrieved. Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 721 (1996). Here, Ms. Malinowski has not rebutted this presumption. As an abutter, Mr. Brienza is entitled to assert that he is aggrieved because the proximity of the pool to his property line is 4.7 feet, even if a mere fifteen-inch move would make the pool compliant with Everett’s zoning ordinance.
In this case, the Board failed to clearly set forth the specific reasons for its granting of a variance. Instead, the Board’s decision simply tracks the language of the statute. “The specific findings necessary to satisfy the requirements for granting a variance are not met by a mere repetition of the statutory words.’’ Wolfson v. Sun Oil Co., 357 Mass. 87, 89 (1970). Without any specific findings, this court may annul the Board’s decision without reaching its merits. Spaulding v. Board of Appeals of Leicester, 334 Mass. 688, 692 (1956); see Simone v. Board of Appeals of Haverhill, 6 Mass.App.Ct. 601, 604 (1978) (noting that the trial court judge could have annulled a zoning board’s decision to grant a variance where the decision contained only a “most cryptic allusion" to the statutory requirements). Therefore, the decision of the Board must be annulled.
CONCLUSION
For these reasons, it is hereby ORDERED that the decision of the City of Everett Board of Appeals is ANNULLED. Judgment shall enter for the plaintiff Antonio Brienza.