GORDON B. ALLEY *vs.* BUILDING INSPECTOR OF DANVERS
& another.

Essex.    February 8, 1968. — March 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Zoning*, Reduction in lot size, Creation of nonconformity.

A provision of a town's zoning by-law requiring a specified minimum area for lots was violated by an arrangement, effected by conveyances, whereby two existing lots each having a house on it and more than the required area but nonconforming in certain other respects were divided in ownership in such a way that the front portion of each was left with a house on it but with less than the required area and the rear portions of the lots were combined to make a third, vacant lot under one ownership and having the required area, and by reason of such violation the owner of the newly created lot was properly denied a building permit therefor; he was not aided either by the nonconforming uses provision of the by-law or by the fact that the town's planning board had endorsed "Approval under the subdivision control law not required" on a plan of the new lot.

BILL IN EQUITY filed in the Superior Court on August 17, 1965, by way of appeal under G. L. c. 40A, § 21, from a decision of the board of appeals of Danvers.

The defendants appealed from a final decree entered after hearing by *Barron*, J.

*A. Kenneth Carey*, Town Counsel, for the defendants.
*William B. Sullivan, Jr.*, for the plaintiff.

WHITTEMORE, J.  The plaintiff sought a permit to build on a lot on Perry Street in Danvers that conformed to the zoning by-law.  The building inspector denied a building permit and his decision was sustained by the board of appeals.  A decree in the Superior Court annulled the decision of the board.

For reasons next stated, the permit was rightly denied. The lot on Perry Street was created from the rear of two adjacent lots that fronted on High Street.  A house stood on

each of these lots. In area each lot exceeded the zoning law requirement of 10,000 square feet though in certain other respects the parcels were nonconforming. The plaintiff had been a real estate broker for about sixteen years and knew the zoning by-law requirements. He planned the acquisition of these lots and the creation from them of the third lot. In May, 1964, the plaintiff had prepared a plan showing this new lot which would exist when he acquired the land. The planning board indorsed the plan, "Approval under the subdivision [c]ontrol [l]aw not required."

On July 10, 1964, the plaintiff bought the inner of the two parcels. On August 10, 1964, he sold the front part of this lot, with an area of 8,500 square feet with the house on it. Thus the plaintiff created a lot that did not conform to the zoning by-law. On August 28, 1964, he purchased the rear of the adjacent lot on the corner of High and Perry streets. This left the front of that lot on which the house stood with only 6,460 square feet and created another lot with less area than the zoning by-law requires. This acquisition, combined with the rear of the inner lot, gave the plaintiff a lot with no house on it fronting on Perry Street with an area of 10,020 square feet.

The judge ruled that cutting down the nonconforming lots did not violate the zoning by-law. This was error. The express requirement that "Lots . . . shall contain not less than ten thousand . . . square feet" prohibited reducing existing house lots that conformed to that requirement to an area of less than 10,000 square feet. The by-law provision as to nonconforming uses[1] did not exempt the lots from the application of the area requirements so far as met. *Howland* v. *Acting Superintendent of Bldgs. & Inspector of Bldgs. of Cambridge,* 328 Mass. 155, 159–161. The planning

---

[1] Section XII.2. "This by-law shall not apply to existing buildings or structures or to the use of land to the extent to which it was used at the time of the adoption of this by-law which does not conform to this by-law, but this by-law shall apply to any alteration, extension or structural change in any such building which would amount to an enlargement of the non-conforming use, or to a use substantially different than the use in existence at the time of the adoption of this by-law. But this restriction shall not apply to one or two family houses."

board indorsement under G. L. c. 41, § 81P, gave the lot no standing under the zoning by-law.

The proceedings before the board of appeals were in no sense an application for a variance. We intend no suggestion that on the facts of this case a basis for a variance has been shown. The assessors granted the plaintiff's application for an abatement of taxes from $76.80 to $28.80 on the ground that he could not use the land without a permit. It is not unjust that the plaintiff so hold, use and dispose of the land that each of the High Street houses have available to be considered with it for zoning by-law purposes not less than the zoning by-law minimum of 10,000 square feet.

The final decree is reversed. A decree is to be entered sustaining the decision of the board of appeals.

*So ordered*