SALVATORE RAIA *vs.* BOARD OF APPEALS OF NORTH READING & another.[1]

Middlesex.     April 13, 1976. — May 27, 1976.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Zoning,* Variance, Notice.    *Practice, Civil,* Zoning appeal.

In a suit in equity under G. L. c. 40A, § 21, as amended through St. 1972, c. 334, by way of appeal, by one other than the applicant for a zoning variance, from a decision by a zoning board of appeals granting the variance, no abuse of discretion appeared in overruling a plea in abatement by the applicant based on failure to give him notice of the suit until long after the time prescribed by § 21, where no prejudice to him from the delay in notice appeared. [320-321]

Where it appeared that at a time when two adjoining lots each having 125 feet frontage were in the same ownership the frontage required by the local zoning by-law was increased to 160 feet and that thereafter one of the lots, a vacant lot, was sold, a variance respecting the frontage of the lot sold granted to the purchaser by the zoning board of appeals was in excess of its authority and must be annulled in a proceeding under G. L. c. 40A, § 21, on findings as to hardship, made by the board and adopted by the judge, merely that the purchaser had spent a substantial sum in the purchase of the lot, in construction of a foundation for a single family residence thereon, and for other expenses, that a loss would result if the foundation had to be removed, and that the lot was useless for any building purpose unless a single family residence could be built thereon. [321-322]

BILL IN EQUITY filed in the Superior Court on September 12, 1973.

A plea in abatement was overruled by *McNaught, J.,* and the suit was heard by *Mitchell, J.*

*Normand R. D'Amour* for the plaintiff.
*Anthony D. Murphy* for John J. Hashem.

HALE, C.J.    This is an appeal brought by means of a bill in equity pursuant to G. L. c. 40A, § 21, as amended through St. 1972, c. 334, by an abutter who seeks to annul

---

[1] John J. Hashem.

a zoning variance granted by the board of appeals of the town of North Reading. We summarize the findings of fact made by the judge.

The subject lot was purchased by a married couple in March, 1967, at some time after they had purchased an adjoining lot which contained their residence. The two lots were separate and distinct before the purchase, and each had a frontage of 125 feet. The plaintiff's abutting lot had the same frontage. At that time the applicable zoning by-law required a minimum frontage of 125 feet. The couple sold the subject lot to the present owner, one Hashem, in October, 1972. At that time the minimum frontage requirement was 160 feet.

Hashem made arrangements with a contractor to build a single-family residence on the subject lot. A building permit was obtained on October 17, 1972, and a foundation was poured. The building inspector subsequently informed Hashem that the permit was revoked, as the lot failed to conform to the then minimum frontage requirement of 160 feet. Hashem then applied to the board of appeals for a variance in order to construct a single-family residence, and the variance was granted. The board found substantial hardship because (1) "unless a single family home is built on this lot, the lot is useless to the owner for any building purpose"; (2) over $10,000 had been spent to purchase the property and erect a foundation, and for other expenses; and (3) a loss would result if the foundation should have to be removed. The board found that there would be no substantial detriment to the public good, as the area contained only single-family residences, the four closest lots also had a 125 foot frontage, and the granting of a variance would result only in the construction of a new residence on a vacant lot.[2]

A judge of the Superior Court upheld the granting of

---

[2] The zoning by-law is not before us. The case was tried in the Superior Court and argued before us on the basis that the two lots were in common ownership at the time the by-law increasing the frontage requirement became effective and that a variance was required in order to build on the vacant lot.

a variance, stating, "I rule that the board made the requisite findings mandated by § 15 of c. 40A of the General Laws, and find that these requisite preliminary conditions exist. I find and rule that owing to conditions especially affecting the subject parcel, there is substantial hardship to the parcel if the variance is not granted to build a single family residence, since the parcel cannot be used for any other purpose. I rule that there was no abuse of discretion by the board in granting the subject variance."

1. We must first examine Hashem's contention that the appeal to the Superior Court should have been dismissed as he was not given written notice within the time required by G. L. c. 40A, § 21, as amended through St. 1972, c. 334. That section required a person, other than the original applicant for a variance, who brought a bill in equity to annul the variance to name the original applicant as a party respondent. It further stated, "To avoid delay in the proceedings, instead of the usual service of process on a bill in equity, the plaintiff shall within fourteen days after the filing of the bill in equity give written notice thereof, with a copy of the bill by delivery or certified mail to all respondents, including the members of the board of appeals, and shall, within twenty-one days after the entry of the bill file with the clerk of the court an affidavit that such notice has been given. . . ."[3] The plaintiff commenced this appeal by a timely filing of a bill in equity and written notice to all the parties respondent except Hashem. Hashem received notice of the action seventy-eight days after commencement. In *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 805 (1976), it was made clear that failure to give such notice within the time set out by G. L. c. 40A, § 21, does not deprive the Superior Court of jurisdiction to hear the appeal.[4] The court stated, quoting from

---

[3] See now G. L. c. 40A, § 17, as appearing in St. 1975, c. 808, § 3.

[4] Although *Pierce* was decided under G. L. c. 40A, § 21, as appearing in St. 1973, c. 1114, § 4, it relied on earlier decisions governed by earlier versions of the statute not materially different from the one in effect at the time the present case was brought. See *Pierce,* 369 Mass. at 808.

*Schulte* v. *Director of the Div. of Employment Security,* 369 Mass. 74, 79-80 (1975), "Some errors or omissions are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.... With respect to other slips in the procedure for judicial review, the judge is to consider how far they have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice. After such an assessment, the judge is to decide whether the appeal should go forward without more, or on terms, or fail altogether." Hashem raised the issue of the nontimely service by a plea in abatement which was overruled by a judge of the Superior Court. The record is devoid of evidence indicating prejudice to Hashem on account of the delay in service. We thus cannot say that the judge abused his discretion in refusing to sustain the plea in abatement.

2. The sole question remaining for our determination is whether the judge erred in "sustaining" the granting of the variance on the ground of hardship. "[T]he burden rests upon the person seeking a variance and the board ordering a variance to produce evidence at the hearing in the Superior Court that the statutory prerequisites have been met and that the variance is justified." *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555-556 (1962). Both the board of appeals and the judge must make findings as to each of the statutory prerequisites of a variance under G. L. c. 40A, § 15(3), as in effect prior to St. 1975, c. 808, § 3. *Cass* v. *Board of Appeal of Fall River,* 2 Mass. App. Ct. 555, 557-558 (1974). The evidence offered by Hashem and the findings made by the board and adopted by the judge fail to satisfy this standard. Two of the board's bases for finding hardship in this case are clearly inappropriate. "The fact that ... [Hashem] constructed a [foundation] ... in contravention of the applicable zoning ordinance does not constitute a condition 'especially affecting such parcel' [but not affecting generally the zoning district in which it is located].... Nor do the facts that there are other nonconforming buildings in the area

and that ... [Hashem] expended a substantial amount of money justify the granting of a variance." *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 161 (1962).

The remaining element of hardship especially affecting this parcel found by the board and the judge was that the parcel would be useless for any building purpose unless a single family residence could be built on it. Under these facts, that finding is also inappropriate. At the time when the zoning by-law changed the minimum frontage requirement from 125 to 160 feet, both parcels were under common ownership and comprised a single lot with a frontage of 250 feet, which contained a single residence (see fn. 2). The division of that property into two nonconforming lots did not create a substantial hardship especially affecting the vacant lot, even though the latter could not be built upon, as it could have remained part of a conforming lot. See *Vetter* v. *Zoning Board of Attleboro,* 330 Mass. 628, 630 (1953); *Sorenti* v. *Board of Appeals of Wellesley,* 345 Mass. 348, 353 (1963); *Chater* v. *Board of Appeals of Milton,* 348 Mass. 237, 244 (1964); *Alley* v. *Building Inspector of Danvers,* 354 Mass. 6, 7 (1968). Nor does the inability to construct a second residence on the combined parcel create a substantial hardship. *Bruzzese* v. *Board of Appeals of Hingham,* 343 Mass. 421, 424 (1962). The remaining findings made by the board and by the judge constituted nothing more than a repetition of the statutory language. "The specific findings necessary to meet the requirements for granting a variance are not met by a 'mere repetition of the statutory words.'" *Wolfson* v. *Sun Oil Co.* 357 Mass. 87, 89 (1970).

The judgment is reversed, and a new judgment is to be entered that the decision of the board of appeals was in excess of its authority and is annulled.

*So ordered.*