PHILLIP GOLDBERG & others *vs.* BOARD OF APPEAL OF MALDEN & others. March 4, 1977. Neither the findings by the board nor those by the judge concerning the prior commercial use to which the locus had been devoted and the condition of the building thereon since the discontinuance of that use were sufficient to warrant a conclusion that the variance complained of by the plaintiffs could be granted "without nullifying or substantially derogating from the intent or purpose of ... [the zoning] ordinance" (G. L. c. 40A, § 15[3], as amended through St. 1958, c. 381). See *DiRico* v. *Board of Appeals of Quincy,* 341 Mass. 607, 609-610 (1961); *Garfield* v. *Board of Appeals of Rockport,* 356 Mass. 37, 40 (1969); *Hunt* v. *Milton Sav. Bank,* 2 Mass. App. Ct. 133, 135-141 (1974). An unsupported conclusion to that effect could not serve as a substitute for findings warranting such a conclusion. *Wolfson* v. *Sun Oil Co.* 357 Mass. 87, 89 (1970). *Raia* v. *Board of Appeals of No. Reading,* 4 Mass. App. Ct. 318, 322 (1976). Nor could this court appropriately supply such findings from the evidence presented in the Superior Court. *Hunt* v. *Milton Sav. Bank,* 2 Mass. App. Ct. at 140. The defendants had the burden of producing that evidence (*Raia* v. *Board of Appeals of No. Reading,* 4 Mass. App. Ct. at 321), and we are satisfied that it was inadequate to support such findings. On the contrary, virtually all of the evidence regarding the character of the neighborhood cut the other way. Compare *DiRico* v. *Board of Appeals of Quincy,* 341 Mass. at 610, and cases cited; *Hunt* v. *Milton Sav. Bank,* 2 Mass. App. Ct. at 140. Hence, the judgment upholding the grant of the variance was erroneous. *Benjamin* v. *Board of Appeals of Swansea,* 338 Mass. 257, 262 (1959). *Planning Bd. of Springfield* v. *Board of Appeals of Springfield,* 355 Mass. 460, 462 (1969). The judgment is reversed, and a new judgment is to be entered that the decision of the board of appeals was in excess of its authority and is annulled.

*So ordered.*

*Edward T. Bigham, Jr.* (*Joseph R. Mucci* with him) for the plaintiffs.

*William J. Lee* (*George W. Shinney* with him) for the defendants.