HARRY P. MCCABE & another *vs.* ZONING BOARD OF APPEALS OF ARLINGTON & another. December 10, 1980. 1. The trial judge correctly ruled that the defendant board of appeals did not comply with G. L. c. 40A, § 10, as most recently amended by St. 1977, c. 829, § 4B, because it failed to make a specific finding concerning the locus that "owing to circumstances relating to the soil conditions, shape or topography of such land . . . and especially affecting such land . . . but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship . . . to the petitioner or appellant." The board made no findings at all concerning soil conditions or topography. See *Barnhart* v. *Board of Appeals of Scituate*, 343 Mass. 455, 457 (1962). Its references to "shape" lead us to believe that it confused the "shape" of the lot with its "size," which is a different attribute and a consideration which § 10 does not include. The lot was rectangular like all other lots in the area. In short, the failure to make the necessary finding as to shape is fatal. See *Spaulding* v. *Board of Appeals of Leicester*, 334 Mass. 688, 692 (1956). 2. Our affirmance of the judgment is without prejudice to the right of the appropriate parties to test the validity of the 1975 zoning by-law amendment pursuant to the remedy in G. L. c. 240, § 14A, and G. L. c. 185, § 1 (j½), or under any other law which may permit such a test. See *Devine* v. *Saugus*, 5 Mass. App. Ct. 885, 885-886 (1977).

*Judgment affirmed.*

*Robert E. Keane* for Howard D. Clark.
*Richard Keshian (Francis T. Reynolds & Arthur E. Nicholson* with him) for the plaintiffs.