JOHN F. MARTIN & another *vs.* BOARD OF APPEALS OF YARMOUTH & another. August 26, 1985. *Zoning*, Nonconforming use or structure, Exemption, Variance.

Patrick Marasco and the Martins own adjoining properties north of the Bass River. Running between them is a private way, Surfside Terrace, which was laid out when Marasco and the Martins obtained subdivision approval of a parcel of land into four major lots and two minor beachfront parcels (denoted "Park" on the subdivision plan) at the end of the way. Surfside Terrace was laid out (to provide frontage for Marasco's house) in a manner such that a free standing garage on Marasco's land encroached four feet upon the way. It was a condition of the 1965 subdivision approval that the garage be moved or removed.

Eighteen years later, in the summer of 1983, Marasco demolished the old garage as a step towards replacing it in much the same location, but without encroaching upon the way he and the Martins had created. He was advised he needed approval of the board of appeals. The board granted Marasco a special permit and variance. A judge of the Superior Court, after hearing an appeal under G. L. c. 40A, § 17, found that the board had acted within its authority and that no modification of its decision was required.

Under zoning regulations applicable when the action was brought, no structure might be built within thirty feet of the street upon which a lot fronts. Marasco's old garage, therefore, failed to conform to the zoning by-law. So far as appears from the record, the nonconformity resulted from the subdivision, which included the layout of Surfside Terrace, and was to that degree a self-inflicted nonconformity. It became an unprotected, rather than a lawful, nonconforming use. *Marblehead* v. *Deery*, 356 Mass. 532, 537 (1969). Compare *Raia* v. *Board of Appeals of No. Reading*, 4 Mass. App. Ct. 318, 321-322 (1976). If, in 1965, Yarmouth had no minimum front yard requirement applicable to the locus, it has not been made to so appear by anything introduced by the defendants. See *Warren* v. *Zoning Bd. of Appeals of Amherst*, 383 Mass. 1, 8 (1981). The burden, of course, rests upon the party seeking zoning relief (here the defendant, Marasco) to produce evidence at the hearing in the Superior Court that the statutory prerequisites have been met and that zoning relief is justified. *Dion* v. *Board of Appeals of Waltham*, 344 Mass. 547, 555-556 (1962). There is, accordingly, no need to consider whether Marasco, after he demolished the old garage, was entitled to erect a new one, nonencroaching on the way but within the required thirty-foot setback, under a by-law provision authorizing special permits for extension or alteration or change in use of a nonconforming structure or use. See, however, *Angus* v. *Miller*, 5 Mass. App. Ct. 470, 473 (1977), holding that somewhat similar language precluded demolition and total replacement of a structure. See and compare *Berliner* v. *Feldman*, 363 Mass. 767, 773-775 (1973).

As an alternative avenue of relief, the board of appeals granted Marasco a variance to build a new garage within six and a half feet of the westerly

sideline of Surfside Terrace. It did so on the ground that ancient oak trees made the location of the garage closer to the way desirable. That something may be desirable does not, however, rise to the dignity of a hardship. No case has been called to attention in which the location of a tree qualified as "circumstances relating to the soil conditions, shape, or topography of such land." G. L. c. 40A, § 10, inserted by St. 1975, c. 808, § 3. We need not decide whether such a circumstance could support a variance. It is apparent from a plan and photographs received as exhibits that there are reasonable alternatives to the proposed location of a garage on Marasco's property which would not disturb major trees. None may be quite as convenient. Indeed, the proposed location of Marasco's garage may be inoffensive and the objection of the Martins may be mean spirited, but those considerations are not among the sharply limited criteria upon which a variance may be granted. See *Gamache* v. *Acushnet*, 14 Mass. App. Ct. 215, 217 n.6 (1982), and cases cited. See also *Warren* v. *Zoning Bd. of Appeals of Amherst*, 383 Mass. at 9-13. See *Kirkwood* v. *Board of Appeals of Rockport*, 17 Mass. App. Ct. 423, 426-428 (1984).

The judgment that the board of appeals did not exceed its authority and that no modification is required is reversed. A new judgment is to enter that the board exceeded its authority and that its decision, filed with the town clerk on November 7, 1983, is annulled.

*So ordered.*

*Michael B. Stusse* for the plaintiffs.
*Mark B. Johnson* for Patrick V. Marasco.
*John C. Creney*, Town Counsel, for Board of Appeals of Yarmouth, submitted a brief.