CLARK B. SHAFER & others[1] *vs.* ZONING BOARD OF APPEALS OF SCI-TUATE & others.[2] August 14, 1987. *Zoning,* Variance.

Prior to May 10, 1962, Ronald and Frederika Burrows owned a parcel of land on Bayberry Road in Scituate from which, over a period of years,

---

[1] Roberta Y. Shafer, Thomas M. Murray, Phyllis B. Murray.

[2] Ronald P. and Frederika Burrows.

they made three conveyances by deed. Those conveyances produced a "leftover lot" (the "locus") roughly in the middle of a block which the Burrowses had owned in its entirety in 1961. Although the locus, a rectangle 200 feet long (exclusive of minor and immaterial survey deviations) and 100 feet wide, satisfied the frontage and minimum area requirements of the Scituate zoning by-law, it failed to comply with § 5-A-1 of the zoning by-law, which required a minimum width of 125 feet at the points where any part of a dwelling was located on the lot. Read with the minimum frontage requirement of 100 feet prescribed by § 5-A-2, the by-law permitted lots with the shape of a convex vase. The locus did not have the necessary bulges. Following the grant of a variance to the Burrowses by the board of appeals, the abutters to the north and south of the locus took an appeal under G. L. c. 40A, § 17. After trial, a judgment was entered declaring that the board had acted in excess of its authority and annulling the board's action. We affirm.

There was no evidence before the board or at the de novo trial in the Superior Court regarding "soil conditions, shape or topography of [the locus] . . . especially affecting [the locus] but not affecting generally the zoning district in which it is located," which "involve[d] substantial hardship, financial or otherwise, to the petitioner. . . ." G. L. c. 40A, § 10, as appearing in St. 1975, c. 808, § 3. The Burrowses' argument that the insufficient width of their rectangular lot constitutes a special circumstance of "shape" is unpersuasive, particularly as the deficiency is one which they themselves produced through subdivision of the land they originally owned at a time when the 125 foot width requirement pertained. The case is governed by *Warren* v. *Zoning Bd. of Appeals of Amherst*, 383 Mass. 1, 11 (1981); *Raia* v. *Board of Appeals of N. Reading*, 4 Mass. App. Ct. 318, 322 (1976); *Arrigo* v. *Planning Bd. of Franklin*, 12 Mass. App. Ct. 802, 804 (1981); and *Gordon* v. *Zoning Bd. of Appeals of Lee*, 22 Mass. App. Ct. 343, 351 (1986). The "shape" of a lot is not to be confused with its "size." *McCabe* v. *Board of Appeals of Arlington*, 10 Mass. App. Ct. 934 (1980). *Paulding* v. *Bruins*, 18 Mass. App. Ct. 707 (1984), upon which the Burrowses rely, is altogether distinguishable, not only because the "pork chop" shaped lot involved in that case was created in the 1920's, prior to the adoption of any zoning by-law in the town concerned, but also because the board and the trial judge in that case found unusual characteristics of the lot apart from its insufficient frontage and width. *Id.* at 711.

The board's decision indicates a desire to maximize taxes for the town from potentially prime land, but that is an inadequate reason for a variance. See *Kirkwood* v. *Board of Appeals of Rockport*, 17 Mass. App. Ct. 423, 432 (1984); *Gordon* v. *Board of Appeals of Lee*, 22 Mass. App. Ct. at 351.

The judge did not, as the Burrowses contend on appeal, make a "per se" ruling that a self-created nonconforming lot cannot constitute a hardship. Under the *Warren, Raia, Arrigo,* and *Gordon* cases cited above, the judge's findings that Ronald Burrows was experienced in real estate transactions

and familiar with reading survey plans were relevant to an analysis whether the locus was encumbered with a hardship within the meaning of G. L. c. 40A, § 10. Our reading of the judge's "Findings, Rulings and Orders" lends no support to the Burrowses' argument that the judge gave weight to three previous denials of zoning relief by the board concerning essentially the same request by the Burrowses. At trial, the judge expressly recognized the right of the Burrowses to raise anew a request for zoning relief that had previously been unfavorably acted upon. See G. L. c. 40A, § 16.

*Judgment affirmed.*

*David S. Reid (Michael F. Stone* with him) for Ronald P. Burrows & another.

*Donald L. Gibson* for the plaintiffs.