Toomey, J.
The plaintiff, Irena Slawniak, brought this complaint pursuant to G.L.c. 40A, Sec. 17. She challenges a decision of the Zoning Board of Appeals of the Town of Dudley denying her petition for a variance under G.L.c. 40A, Sec. 10. For the reasons set forth below, the plaintiffs claim for relief from that decision is denied.
BACKGROUND
The plaintiff, Irena Slawniak, is the owner of a parcel of land located in Dudley, Massachusetts. Ms. Slawniak hired a contractor, Wesley Mroczka,[1] to build a single-family residence on her property. Mr. Mroczka hired Upright Construction to excavate the property. During excavation, Mr. Mroczka noticed that a pin, which had been employed to define one of the corners of the area upon which the foundation of the residence would be placed, had been knocked over. Mr. Mroczka informed an employee of Upright Construction concerning the displacement and the employee replaced the pin in the ground. Neither Mr. Mroczka nor the employee who replaced the pin was qualified as a land surveyor.
The pin was not properly reset into the ground. As a result, the foundation of the house was built 12.7 feet[2] from the boundary. The zoning requirement for the sideline setback line in the town of Dudley is 15 feet. Because the residence had thus been built in violation of zoning law, the plaintiff petitioned the Zoning Board of Appeals for a variance from the minimum setback requirement. On July 16, 1991, the Zoning Board of Appeals denied the plaintiffs request. On August 5, 1991, the plaintiff filed the instant complaint seeking judicial review of the decision of the Zoning Board of Appeals.
DISCUSSION
I. Standard of Review
The court has de novo jurisdiction with respect to the subject matter of the decision of the Zoning Board of Appeals. G.L.c. 40A, §17; Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972). In its exercise of that jurisdiction, the courtis “not restricted to the evidence that was introduced before the board.” Guiragossian v. Board of Appeals of Watertown, 21 Mass.App.Ct. Ill, 114 (1985), citing Bicknell Realty Co. v. Board of Appeal of Boston, 330 Mass. 676, 679 (1953). The decision of the permit granting authority carries no evidentiary weight before the court as it pursues its de novo determination. Devine v. Zoning Bd. of Appeals of Lynn, 332 Mass. 319, 321 (1955).
II. Analysis
General Laws c. 40A, Sec. 10 establishes four conditions which must be satisfied before a variance can be granted. The statute requires a showing that (1) “owing to circumstances relating to the soil conditions, shape, or topography of such land or structures and especially affecting such land or structures but not affecting generally the zoning district in which it is located,” (2) “a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise, to the petitioner or appellant,” (3) “and that desirable relief may be granted without substantial detriment to the public good," and (4) “and without nullifying or substantially derogating from the intent and purpose of such ordinance or by-law.” G.L.c. 40A, §10. A variance cannot be granted unless all four of the statutory requirements are satisfied. Warren v. Board of Appeals, 383 Mass. 1, 9-10 (1981). The statutory criteria for variances are demanding and, as a result, variances are difficult to obtain. Mendes v. Board of Appeals, 28 Mass.App. 527, 531 (1990), review denied 407 Mass. 1103 (1990). At bar, the plaintiffs proof does not satisfy the strict statutory preconditions and the variance will not, therefore, be granted.
The statutory provision of determinative importance to the resolution of the complaint at bar is the §10 requirement that the hardship be the result of the soil conditions, shape or topography of the land or structures. The plaintiff asserts that she will suffer significant hardship because of the soil conditions and topography of her property should the be compelled to reconstruct her house in compliance with the zoning sideline setback requirement. In support of that assertion, the contractor testified that, in order for the house to comply with the sideline setback requirement, the plaintiff would be forced to dig a new foundation. Due to the soil conditions and topography of the land, he continued, there is a likelihood that the excavation for and construction of a new foundation would cause significant drainage problems not only on the plaintiffs property, but on her neighbor’s land as well. The plaintiff concludes, therefore, that the financial hardships occasioned by re-excavation and consequent drainage difficulties would be “owing to” the soil conditions and topography of the land. The court is not persuaded by plaintiffs reasoning.[3]
The Appeals Court has stated on numerous occasions that variances are to be limited to situations of hardship resulting from soil conditions, shape or topography of the land. For example, the Court has *515 denied variances where the hardship arose not from the soil conditions, shape or topography of the land in question, but from deficiencies in area or frontage. See DiCicco v. Berwick, 27 Mass.App.Ct. 312, 313-315 (1989). See also Guiragossian v. Board of Appeals, 21 Mass.App.Ct. Ill, 116 (1985) review denied 396 Mass. 1105 (1986); Arrigo v. Planning Board of Franklin, 12 Mass.App.Ct. 802, 803-04 (1981), review denied 385 Mass. 1101 (1982). And, the Supreme Judicial Court has held, “Unless circumstances relating to the soil conditions of the land, the shape of the land, or the topography of the land cause the hardship, no variance may lawfully be granted.” Tsagronis v. Board of Appeals, 415 Mass. 329, 331 (1993).
The hardship, financial and otherwise, which the plaintiff is likely to suffer if she is forced to comply with the zoning sideline setback requirement is not, as required by §10, the result of “circumstances relating to the soü conditions, shape, or topography” of her property. It is the result of the fact that an improperly placed pin served as a marker for the location of the foundation of her house. If the pin had been properly replaced within the ground, either by the contractor or the excavator, the foundation and house would have been constructed in compliance with the sideline setback line.[4]
CONCLUSION
Accordingly, this Court finds itself in agreement with the decision of the Dudley Board of Appeals and, on judicial de novo assessment of the evidence presented to the Court in accordance with G.L.c. 40A, §17, hereby declines to annul the decision of said Board denying the variance requested by plaintiff.[5] Judgment is to enter for defendants upon the complaint.

 Wesley Mroczka is the brother of the plaintiff.

There is some debate as to whether the foundation was built 12.7 feet or 13.2 feet from the boundary. The resolution of that conflict is of little moment because, in either event, the foundation was not built in compliance with the minimum 15 foot sideline setback requirement.

The plaintiff makes an additional argument that she is entitled to a variance because her hardship is the result of the shape of her property. She asserts that because of the unusual dimensions of her property, there was no margin of error with regard to the location of the foundation of the house. This court finds no force in the plaintiffs argument. Although there may have been no margin of error with regard to the location of the foundation, it was still possible to construct the house in compliance with the minimum sideline setback requirement. However unusual the dimensions of her property, the plaintiff presented no evidence to the effect that she would have endured hardship because of the shape of her property even if the pin had been properly replaced within the ground. The improper replacement of the pin, not the shape of her property, is the cause of any hardship which the plaintiff may suffer.

Having found that the first of §10’s four necessary prerequisites to a variance has not been established by plaintiff, there is no occasion to determine whether or not the latter three have been proved.

Given the instant refusal to annul, this court will also deny plaintiffs prayers for other relief, fees and costs.