RICHARD W. PATENAUDE *vs.* ZONING BOARD OF APPEALS OF DRACUT. No. 12-P-215. November 28, 2012. *Zoning*, By-law, Enforcement, Lot size, Nonconforming use or structure.

In 1974, the plaintiff's brother and sister-in-law conveyed a parcel of land to him (lot), by dividing it from a larger tract.[1] Though the lot conveyed to the plaintiff met the then applicable dimensional requirements, the division left the remaining tract below the required lot size. Consequently, the plaintiff's lot was not in compliance with applicable zoning requirements by virtue of the doctrine of "infectious invalidity." See *Alley* v. *Building Inspector of Danvers*, 354 Mass. 6, 7-8 (1968); *81 Spooner Road, LLC* v. *Zoning Bd. of Appeals of Brookline*, 78 Mass. App. Ct. 233, 246-247 (2010), *S.C.*, 461 Mass. 692 (2012). Thereafter, in 1987, the Dracut zoning by-law was amended to exclude certain portions of the plaintiff's lot from the area used to calculate the required minimum lot area, thereby causing the lot to fall below the required minimum area. In September, 2010, however, the plaintiff applied for a permit to build a single-family dwelling on the lot, contending that (i) the lot's noncompliant status, by virtue of "infectious invalidity," ceased in 1984, when the ten-year statute of repose provided by G. L. c. 40A, § 7, barred enforcement action against the tract from which it was divided, and (ii) the lot enjoys "grandfather" protection from the 1987 amendment of the by-law, under G. L. c. 40A, § 6. We need not determine the validity of the first premise, as we conclude that the second is invalid.[2]

As the plaintiff acknowledges in his brief, expiration of the limitations period of G. L. c. 40A, § 7, does not remove the illegality of an unlawful structure; it simply protects it from enforcement action. See *Cumberland Farms, Inc.* v. *Zoning Bd. of Appeals of Walpole*, 61 Mass. App. Ct. 124, 127 n.9 (2004). "For purposes of deciding whether a use is nonconforming within the meaning of G. L. c. 40A, § 6, the question is not merely whether the use is lawful but how and when it became lawful." *Mendes* v. *Board of Appeals of Barnstable*, 28 Mass. App. Ct. 527, 531 (1990). Just as in *Mendes, supra,* where we observed that "[i]t would be anomalous if a variance . . . functioned as a launching pad for expansion as a nonconforming use," in the present case it would be anomalous indeed if an unremedied *violation*, protected from

---

[1]The deed recites consideration of $3,000.

[2]We consider the first premise highly dubious, however. The provisions of G. L. c. 40A, § 7, as amended through St. 1989, c. 341, § 21, do not apply to unimproved property, instead simply barring action "to compel the removal, alteration, or relocation of any structure by reason of any alleged violation of [applicable zoning regulations]." Moreover, if availability of an enforcement action against a structure placed in violation of applicable zoning regulations by an unlawful severance of adjacent property were considered wholly adequate as a response to the unlawful severance, there would be no purpose or benefit in the doctrine of infectious invalidity.

enforcement by reason of the limitation period imposed by § 7, could serve as a launching pad for obtaining the grandfather protection extended to legally conforming lots rendered nonconforming by the adoption of more stringent zoning regulations. The building inspector correctly denied the plaintiff's application for a building permit, the defendant board of appeals correctly affirmed that decision, and the Superior Court judge in turn correctly affirmed the decision of the board.

*Judgment affirmed.*

*Mark Bobrowski* for the plaintiff.
*James P. Hall & Raymond T. Weicker* for the defendant.