The plaintiff, Gayle Gionet, filed an action, pursuant to G. L. c. 40A, § 17, to annul the decision of the zoning board of appeals (board) for the town of Charlton (town), which granted variances to Joseph and Molly Lloyd for a retaining wall and a catwalk on their property (parcel). On cross motions for summary judgment, the motion judge allowed the Lloyds' motion and denied the plaintiff's motion. On appeal, the plaintiff argues that the motion judge erred because the board's decision is invalid on its face. We reverse.
1. Background. Following construction of the Lloyds' home on the parcel, the plaintiff (whose property abuts the parcel) discovered that their newly constructed retaining wall encroached upon the five-foot sideyard setback requirement of the town's zoning by-law. The plaintiff complained to the board and, in response, the Lloyds petitioned the board, requesting a variance for the retaining wall, which also served as a parking area. The Lloyds further requested a variance from the thirty-foot frontyard setback requirement in order to construct a catwalk from the home to the retaining wall.
The board viewed the parcel and held a public hearing. Following the hearing, the board voted unanimously to grant the Lloyds' petition, and issued findings, which are discussed further infra.
2. Discussion. We review the motion judge's decision on cross motions for summary judgment de novo. Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 (2010). "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). Where, as here, there are cross motions, "we view the record in the light most favorable to the party against whom the judge allowed summary judgment, here the plaintiff[ ]."[3] Marhefka v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 516 (2011).
A party seeking a variance must meet the "demanding" statutory requirements set out in G. L. c. 40A, § 10, Mendes v. Board of Appeals of Barnstable, 28 Mass. App. Ct. 527, 531 (1990), which authorizes a zoning board of appeals to grant a variance only where it:
"specifically finds that [1] owing to circumstances relating to the soil conditions, shape, or topography of such land or structures and especially affecting such land or structures but not affecting generally the zoning district in which it is located, [2] a literal enforcement of the provisions of the ordinance or by-law would involve substantial hardship, financial or otherwise, to the petitioner or appellant, and [3] that desirable relief may be granted without substantial detriment to the public good and [4] without nullifying or substantially derogating from the intent or purpose of such ordinance or by-law."
G. L. c. 40A, § 10, inserted by St. 1975, c. 808, § 3. In granting a variance, a zoning board must specifically set forth the facts supporting each of these four statutory prerequisites. G. L. c. 40A, § 15. "[A] decision of the board of appeals granting a variance cannot stand unless the board specifically finds that each statutory requirement has been met." Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 292 (1972), quoting from Planning Bd. of Springfield v. Board of Appeals of Springfield, 355 Mass. 460, 462 (1969).
Here, the board failed to make specific findings with regard to at least three of the four requirements and, as such, its decision to grant the variances is invalid on its face.[4] See Warren v. Zoning Bd. of Appeals of Amherst, 383 Mass. 1, 10 (1981) (A board's decision "is invalid on its face" if its findings are no more than a "bare recital of the statutory conditions"), quoting from McNeely v. Board of Appeal of Boston, 358 Mass. 94, 103 (1970). With regard to the first and the second required statutory findings, the board set forth the words of the statute and then stated that the retaining wall and the catwalk "cannot be built without a [v]ariance because of the location on [the] property," that "a variance is needed," and that "it will be in complete conformity with the neighborhood." In addition to being vague to the point of having virtually no meaning, none of these explanations relates to the "soil condition, shape or topography" of the parcel or any unique aspects of the parcel that do not "affect[ ] generally the zoning district" of the parcel, as required by the first statutory prerequisite; and none relates to any hardship to the Lloyds, as required by the second statutory prerequisite. G. L. c. 40A, § 10. With regard to the fourth required finding, the board merely stated that the variance will not derogate from the purpose of the zoning by-law because it "will address the needs of the home owner." By definition, a variance sought by a homeowner will address his or her stated need. However, satisfying the needs of the homeowner is not a finding that the variance will not derogate from the purpose of the by-law. Absent further explanation, this finding was insufficient. The board's findings on these three statutory requirements constitute no more than a "bare recital of the statutory conditions" and, thus, are legally deficient. Warren, supra (citation omitted). The board's failure to make the necessary findings is fatal. McCabe v. Zoning Bd. of Appeals of Arlington, 10 Mass. App. Ct. 934, 934 (1980).
Accordingly, the judgment is reversed, and a new judgment is to be entered which annuls the decision of the board.[5]
So ordered.
Reversed.

The law is well established that "a judge who decides the case on motions for summary judgment engages in no fact finding at all." Albahari, 76 Mass. App. Ct. at 248. To the extent, as the plaintiff argues, the motion judge found facts in deciding the cross motions for summary judgment, it was error. See ibid.

In addition, the motion judge applied the wrong standard of review to the board's decision, incorrectly placing the burden of proof on the plaintiff to show that the board's decision granting the variances was either legally untenable or arbitrary. In an appeal from a decision of a zoning board of appeals, the burden of proof is always on the party seeking the variance, here the Lloyds. Thus, when a variance has been denied, the party seeking the variance has the burden to show that the board denied the variance on a "legally untenable ground ... or because the decision was arbitrary and capricious," Geryk v. Zoning Appeals Bd. of Easthampton, 8 Mass. App. Ct. 683, 684 (1979), and when a variance has been granted, "the burden rests upon the person seeking a variance and the board ordering a variance to produce evidence at the hearing in Superior Court that the statutory prerequisites have been met and that the variance is justified," Dion v. Board of Appeals of Waltham, 344 Mass. 547, 555-556 (1962). See Warren v. Zoning Bd. of Appeals of Amherst, 383 Mass. 1, 10 (1981).

Our decision is without prejudice to the right of the Lloyds to reapply for the variances.