On January 19, 2016, the defendant planning board of Falmouth (board), voted to approve the application of defendant Louis Larry (applicant) for a special permit under the town's zoning by-law and for approval of a definitive subdivision plan under the town's subdivision regulations.[4] The plaintiffs, who allege that their abutting property will be rendered "perpetually landlocked" and "inaccessible to any public or private way" by the granting of the applicant's special permit and the approval of the definitive subdivision plan, promptly filed a complaint in the Superior Court under G. L. c. 41, § 81BB, challenging the approval of the definitive subdivision plan.
The applicant moved to dismiss the complaint, contending that the board had issued a special permit, not approved a definitive plan, and that therefore the plaintiffs' sole remedy was an appeal of the special permit pursuant to G. L. c. 40, § 17. A judge of the Superior Court agreed, dismissed the complaint, and judgment entered for the defendants. The plaintiffs appeal from the judgment and from the denial of their motion for reconsideration. We reverse.
Section 81BB of G. L. c. 41 provides in pertinent part that "[a]ny person ... aggrieved ... by any decision of a planning board concerning a plan of a subdivision of land ... may appeal" to the Superior Court or to the Land Court. Section 81BB further provides that the remedy set forth therein "shall be exclusive, but the parties shall have all rights of appeal and exceptions as in other equity cases." Section 17 of G. L. c. 40A similarly provides the "exclusive" remedy for "[a]ny person aggrieved by a decision of ... any special permit granting authority."
As the plaintiffs correctly contended in the Superior Court and continue to argue on appeal, zoning and subdivision planning are distinct (though closely connected) functions. See, e.g., Alley v. Building Inspector of Danvers, 354 Mass. 6, 7-8 (1968) ; Palitz v. Zoning Bd. of Appeals of Tisbury, 470 Mass. 795, 799 (2015) ; Nexum Dev. Corp. v. Planning Bd. of Framingham, 79 Mass. App. Ct. 117, 118-119 & n.2 (2011). The fact that the Legislature created parallel "exclusive" paths to challenge these decisions confirms their separate status.
The record plainly contradicts the applicant's argument that the board granted a special permit but did not approve a definitive subdivision plan. The board did both. The applicant correctly notes that only his earlier, preliminary subdivision plan proposed a true subdivision with a subdivision road, and that in response to the board's recommendations, he submitted a revised application with a plan showing a shared driveway in lieu of a subdivision road. However, the board did not determine that approval was not required under the subdivision control regulations. Rather, the board specifically approved the applicant's definitive plan-albeit under relaxed conditions and with waivers applicable to a "planned residential development" under the town's subdivision regulations-given the applicant's revised design, which the board preferred.
The plaintiffs do not challenge the issuance of the special permit, either directly or collaterally, and never have. Indeed, the plaintiffs concede in their brief that they "have no basis in law or fact for alleging that the special permit ought not to have been granted." Rather, the plaintiffs seek to challenge the board's approval of the definitive plan under the subdivision regulations. See Krafchuk v. Planning Bd. of Ipswich, 453 Mass. 517, 529-530 (2009). We offer no opinion on the merits of the plaintiffs' challenge or on the propriety of the board's application of the subdivision regulations. We merely hold that the plaintiffs are entitled to be heard on these issues. Accordingly, we reverse the judgment dismissing the complaint and remand the matter to the Superior Court for further proceedings.
So ordered.
Reversed.

The subject line of the board's written decision dated January 20, 2016, refers to "Louis Larry, Definitive Plan & Planned Residential Development Special Permit."